Andrew Roman Perrong, OSB No. 243320
a@perronglaw.com
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
215-225-5529
Attorney for Plaintiff and the Proposed Class

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| LEON WEINGRAD, individually and on behalf of a class of all persons and entities similarly situated,<br><br>           Plaintiff<br><br>vs.<br><br>LifeWave, Inc.<br><br>           Defendant. | Case No. 3:25-cv-752<br><br>CLASS ACTION COMPLAINT<br>TCPA (47 U.S.C. § 227)<br>DEMAND FOR JURY TRIAL |

### CLASS ACTION COMPLAINT

#### Preliminary Statement

1.  "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from

telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

  2.  "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id…*This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people.  The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

  3.  The Plaintiff brings this action to enforce the consumer-privacy provisions of the TCPA alleging that LifeWave violated the TCPA by making telemarketing calls to Plaintiff and other putative class members listed on the National Do Not Call Registry without their written consent, by making telemarketing calls without the accurate provision of Caller ID Name (CNAM).

**Parties**

4.      Plaintiff Leon Weingrad has a 503- telephone number associated with this District, in Clackamas County.

5.      Defendant LifeWave, Inc. is a Utah corporation with its headquarters and principal place of business in Utah that sells "technology [that] elevates the flow of your body's innate energy, fostering overall wellness and an active lifestyle."

**Jurisdiction & Venue**

6.      The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

7.      The Court has specific personal jurisdiction over Defendant because Defendant directed their conduct into Oregon by texting individuals with Oregon telephone numbers, including those, like Plaintiff, possessing 503- area code numbers, which are associated with this District. Moreover, in sending the subject text messages, Defendant used Oregon area codes to send the text messages.

8.      Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the automated calls to the Plaintiff were sent into this District.

**The Telephone Consumer Protection Act**

9.      In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The National Do Not Call Registry

10.     The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

11.     A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

12.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

<u>The TCPA Also Requires Telemarketers to Transmit Caller Identification Information Including the Telemarketer's Name.</u>

13. The TCPA requires any "person or entity that engages in telemarketing" to "transmit caller identification information." 47 C.F.R. § 64.1601(e).

14. The relevant regulation defines "caller identification information" as "either CPN or ANI, and, when available by the telemarketer's carrier, the name of the telemarketer." 47 C.F.R. § 64.1601(e)(1).

15. A violation of this subsection of the TCPA is enforceable under the private right of action provided for under 47 U.S.C. § 227(c)(5)'s private right of action. *Dobronski v. Selectquote Ins. Servs.*, No. 2:23-CV-12597, 2025 WL 900439, at *3 (E.D. Mich. Mar. 25, 2025).

**Factual Allegations**

16.     Plaintiff Weingrad is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

17. Plaintiff's telephone number, (503) XXX-XXX, is a non-commercial telephone number not associated with any business.

18. Plaintiff's telephone number has been listed on the National Do Not Call Registry for over a year prior to the calls at issue.

19. Mr. Weingrad uses the number for personal, residential, and household reasons.

20. Mr. Weingrad does not use the number for business reasons or business use.

21. The number is a residential telephone line because it is not assigned to a telephone exchange service for businesses.

22. The number is assigned to a residential cellular telephone service.

23. Plaintiff Weingrad never consented to receive calls from Defendant LifeWave.

24. Plaintiff Weingrad never did business with Defendant LifeWave.

25. Despite that fact, the Plaintiff received at least 7 text messages from the Defendant's number 503-379-9719 between July 13, 2024 and present.

26. The text messages all came from the 503-379-9719 number. Counsel for the Plaintiff has access to "dip" the Caller ID database of the calling carrier to ascertain the CNAM information to ascertain (1) whether caller name delivery (CNAM) is available with the Defendant's calling carrier, and (2) whether such CNAM information contained the name of the telemarketer. The results of that dip is as follows:

| Number | Date of Query | CNAM Available? | CNAM Result | Carrier |
|---|---|---|---|---|
| 5033799719 | 02/05/2025 | Y | MCMINNVILLE OR | TWILIO |

27. As the aforementioned chart shows, the CNAM transmitted by the Defendant's ultimate telephone carrier, Twilio, provided CNAM functionality, but the CNAM functionality transmitted a geographic location, and not the Defendant's name or telemarketer's name.

28. Twilio provides its customers and any resellers the ability to set the CNAM result accurately to reflect their own name as desired, but if the customer does not elect such a CNAM, Twilio's default CNAM customer setting is to transmit the geographic location of the telephone exchange for the calling telephone number, and not the caller's name, as occurred here.

29. The first message on July 13, 2024 read: "Hi Joe, A Very Special Event: David Schmidt, founder of Lifewave will be LIVE for our team only! Dr, Karen Kan M.D. Acupuncturist will interview David who will share life-changing benefits of our Light Therapy Technology. David will give us a glimpse into Lifewave's exciting future. David has special surprises for all of us who are attending our convention in Oct! Go to zoom.us Zoom ID 846 492 80493 Passcode healthy We have Limited Webinar Seats. Be early! https://us02web.zoom.us/j/84649280493?pwd=VRj88Yu6DNj0S2YApa45DQ85xsJ3Nf.1 To hear Dr. Karen Kan M.D. and David Schmidt recorded calls please Register/Log In to your https://connect4success.life team website. See you Tuesday 7/16 at 6 p.m. pacific Warmly, Renate Lundberg Senior Presidential Director LifeWave Advisory Council Member USA/Canada/Mexico"

30. Most recently, on April 26, 2025, the Plaintiff received the following text message, "Hi Joe, Thank you for being part of our Lifewave family. We are here to help you reach your health goals. Alavida Skin Care: Save $33 See and feel the difference in your skin when using our unique botanical hydrating and rejuvenating Day and Night lotion, our Copper Peptide infused Eye Treatment

combined with our Light Therapy Alavida patches. Sign into your Lifewave back office, Click on Promotions to take advantage of this 15% off Special available until tomorrow Sun 4/27. https://files.constantcontact.com/5dd7c363701/dac1ae00-ed05-419d-b797-b5e01bdbfda7.pdf?rdr=true What better gift for Mother and Father's Day than Healthy Glowing Skin. Visit our miraclereadyinfo.com website to learn more about our life-changing technology and see Before and After photos. Feel free to reach out any time. Warmly, Renate Lundberg Senior Presidential Director Advisory Council Member USA Canada Mexico."

  31. Under the TCPA, as confirmed by the Supreme Court, text messages are "calls" for the purposes of the TCPA. *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 153 (2016).

  32. The calls were unwanted.

  33. Prior to the call, the Plaintiff never had any dealings with, interacted with, requested calls from, or wanted, calls from Defendant, and the Plaintiff has no need, want, or desire for Defendant's products or services.

  34. In fact, the Plaintiff is not "Joe."

  35. The aforementioned calls to the Plaintiff were unwanted.

  36. The calls were nonconsensual encounters.

  37. The calls were made in an attempt to sell the Plaintiff Lifewave's energy technology, life care, and skincare products.

  38. The Plaintiff does not and did not want such products.

39. Plaintiff's privacy has been violated by the above-described telemarketing calls.

40. Plaintiff never provided his consent or requested the calls.

41. Plaintiff and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because the phone line was tied up, their storage space and network bandwidth was used, they were charged for the calls and their privacy was improperly invaded.

42. Moreover, these calls injured Plaintiff because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of Plaintiff and the class, including when Plaintiff and other class members were working, driving, and performing other critical tasks.

## Class Action Statement

43. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

44. Plaintiff brings this action on behalf of himself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3) and Oregon Local Rule 23-2.

45. Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

**National DNC Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call or text message from or on behalf of Defendant encouraging the purchase of its goods or services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

**Telemarketing Caller ID Class:** All persons within the United States to whom: (1) Defendant (or a third-party acting on behalf of Defendant) sent (2) two or more telemarketing calls or text messages in a 12-month period, (3) without the transmission of caller identification information that included either CPN or ANI and the Defendant or telemarketer's name, (4) within the four years prior to the filing of the Complaint.

46. Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Classes as he has no interests that conflict with any of the Class members.

47. Excluded from the Classes are counsel, Defendant, and any entities in which Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

48. Plaintiff and all members of the Classes have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

49. This Class Action Complaint seeks injunctive relief and money damages.

50. The Classes as defined above, are identifiable through Defendant's dialer records, other phone records, and phone number databases.

51. Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds.

52. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

53. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

54. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

55. There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including, but not limited to, the following:

      a.      Whether Defendant made multiple calls to Plaintiff and members of the National Do Not Call Registry Class;

      b.      whether Defendant transmitted CPN or ANI and its name in the caller ID information, when provided as an option by their telephone carrier, to Plaintiff and members of the Telemarketing Caller ID Class;

      c.      Whether Defendant's conduct constitutes a violation of the TCPA; and

      d.      Whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

56. Further, Plaintiff will fairly and adequately represent and protect the interests of the Classes. Plaintiff has no interests which are antagonistic to any member of the Classes.

57. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes, and have the financial resources to do so.

58. Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or any of their agents or vendors.

59. The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

60. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

# FIRST CAUSE OF ACTION

## Violation of the Telephone Consumer Protection Act
### (47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the National Do Not Call Registry Class)

61. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

62. The foregoing acts and omissions of Defendant and/or any of their affiliates, agents, and/or other persons or entities which discovery may reveal may have been acting on Defendant's behalf, constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227. by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

63. Defendant's violations were negligent, willful, or knowing.

64. As a result of Defendant's and/or any of their affiliates, agents, and/or other persons or entities which discovery may reveal may have been acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are entitled to an award of up to $500 and in damages for each and every call made and up to $1,500 in damages if the calls are found to be willful.

65. Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or other persons or entities which discovery may reveal may have been acting on Defendant's behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

## SECOND CAUSE OF ACTION

### Violations of the TCPA, 47 U.S.C. § 227
### (On Behalf of Plaintiff and the Telemarketing Caller ID Class)

66. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

67. It is a violation of the TCPA to make a telemarketing call without the transmission of caller identification information including either a CPN or ANI and, when available by the telemarketer's carrier, the name of the telemarketer. 47 C.F.R. § 64.1601(e)(1).

68. Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated the TCPA by causing multiple telemarketing calls to be initiated to Plaintiff and members of the Telemarketing Caller ID Class in a 12-month period, without transmitting the name of the telemarketer, despite such option for transmission of accurate CNAM information being available by its carrier.

69. These violations were willful or knowing.

70. As a result of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA's telemarketing Caller ID transmission requirement, Plaintiff and members of the Telemarketing Caller ID are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

71. Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

  A. Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, to any residential number on the National Do Not Call Registry in the future, or without the transmission of Caller ID Name in the future;

  B. That the Court enter a judgment awarding Plaintiff and all Class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

  C. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes;

  D. Attorneys' fees and costs, as permitted by law; and

  E. Such other relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

            Plaintiff,
            By Counsel,

Dated: May 6, 2025

            s/Andrew Roman Perrong
            Andrew Roman Perrong, OSB No. 243320
            a@perronglaw.com
            Perrong Law LLC
            2657 Mount Carmel Avenue
            Glenside, PA 19038
            215-225-5529
            Lead Attorney for Plaintiff and the Proposed Class

                                                s/Anthony Paronich
Anthony Paronich, Mass. BBO No. 678437
(*Pro Hac Vice* Forthcoming)
anthony@paronichlaw.com
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
617-485-0018
Attorney for Plaintiff and the Proposed Class