Minney Thind (OR Bar No. 332628)
*Lead Counsel*
Jennifer M. Oliver (*pro hac vice*)
BUCHANAN INGERSOLL & ROONEY LLP
600 W. Broadway Suite 1100
San Diego, CA 92101
Telephone:  (619) 685-1990
jennifer.oliver@bipc.com
minney.thind@bipc.com
*Counsel for Defendant LifeWave, Inc.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| LEON WEINGRAD, individually and on behalf of a class of all persons and entities similarly situated | Case No.: 3:25-CV-00752-AN |
| Plaintiff, | **NOTICE OF MOTION AND MOTION TO DISMISS, STRIKE, AND/OR STAY** |
| vs. | |
| LIFEWAVE, INC. | Hearing: |
| | Time: |
| Defendant. | Complaint Filed:   May 6, 2025 |
| | Trial Date:          None |

**TO THE UNITED STATES DISTRICT JUDGE, AND TO PLAINTIFF AND PLAINTIFF'S ATTORNEYS OF RECORD:**

Please take notice that on _____, 2025 or as soon thereafter as this matter may be heard in Courtroom 1407, Honorable Judge Adrienne Nelson, presiding, located at Mark O. Hatfield United States Courthouse, 1000 Southwest Third Avenue, Portland, OR 97204 Defendant LIFEWAVE, INC ("Defendant"), by their attorneys, pursuant to Fed. R. Civ. P. ("Rule") 12(b)(1), 12(b)(6), and 12(f) move this Court to dismiss the Complaint ("Complaint") of Plaintiff LEON WEINGRAD ("Plaintiff") for lack of personal jurisdiction and failure to state a claim.

Defendant requests that the Complaint should be dismissed for lack of personal jurisdiction, that Count One of the Complaint must be dismissed for failure to state a claim for all of the reasons outlined in the accompanying memorandum of law including that Plaintiff fails to allege the requisite elements of a TCPA violation, and that Count Two must also be dismissed for failure to state a claim for all of the reasons outlined in the accompanying memorandum of law including that there exists no private right of action to assert a claim under 47 C.F. R § 64.1601 (e).

This Motion is based on this Notice of Motion and Motion, Defendants' supporting Motion to Dismiss, Strike, and Stay Discovery, Memorandum of Law, in support thereof, the papers and records on file in this action, and such other written or oral argument as may be presented to the Court.

DATED: June 27, 2025          BUCHANAN INGERSOLL & ROONEY LLP


By: */s/ Minney Thind*_____
JENNIFER M. OLIVER
MINNEY THIND
Attorneys for Defendant
LIFEWAVE. INC

Minney Thind (OR Bar No. 332628)
*Lead Counsel*
Jennifer M. Oliver (*pro hac vice*)
BUCHANAN INGERSOLL & ROONEY LLP
600 W. Broadway Suite 1100
San Diego, CA 92101
Telephone:  (619) 685-1990
jennifer.oliver@bipc.com
minney.thind@bipc.com
*Counsel for Defendant LifeWave, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| LEON WEINGRAD, individually and on behalf of a class of all persons and entities similarly situated,<br><br>                 Plaintiff,<br><br>   v.<br><br>LifeWave, Inc.,<br><br>                 Defendant. | Case No. 3:25-cv-752<br><br><br>**DEFENDANT LIFEWAVE'S MOTION TO DISMISS, STRIKE, AND STAY DISCOVERY**<br><br><br>**REQUEST FOR ORAL ARGUMENT** |

# TABLE OF CONTENTS

Page

MOTION ................................................................................................................. 1

MEMORANDUM OF LAW ..................................................................................... 1

I.      INTRODUCTION ........................................................................................... 1

II.     FACTS ............................................................................................................. 3

III.    LEGAL STANDARD ...................................................................................... 5

      A.      Lack of Personal Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(1). ...................... 5

      B.      Failure to State a Claim under Fed. R. Civ. P. 12(b)(6). .......................................... 7

      C.      Striking Irrelevant and Impertinent Allegations Pursuant to Rule 12(f). ................ 8

IV.     ARGUMENT .................................................................................................... 9

      A.      The Complaint should be dismissed for lack of personal jurisdiction over
             Defendant LifeWave. ................................................................................................. 9

      B.      Count I must be dismissed because Plaintiff fails to allege the requisite
             two or more calls for the purpose of telephone solicitation. ................................... 10

      C.      Count II must also be dismissed because there is no private right of action
             to assert a claim under 47 C.F.R. § 64.1601(e). ..................................................... 13

      D.      Both counts should be dismissed for failure to allege the facts sufficient to
             hold LifeWave vicariously liable. ........................................................................... 14

      E.      The Telemarketing Caller ID Class is not cognizable and allegations
             regarding that class and demands for related relief should be stricken. ............... 15

      F.      Plaintiff alleges no facts to support the allegation that LifeWave took
             action "willfully" and therefore his demand for treble damages should be
             dismissed and stricken. ............................................................................................ 15

      G.      Discovery should be stayed while this Motion is pending. ................................... 16

V.      CONCLUSION .............................................................................................. 16

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Abboud v. Circle K Stores Inc.*,
  731 F. Supp. 3d 1094 (D. Ariz. 2024) ....................................................................11

*Anderson v. Wells Fargo Bank, Nat'l Ass'n*,
  No. 3:20-CV-0738-YY, 2021 WL 7186811 (D. Or. Dec. 10, 2021), *report and
  recommendation adopted sub nom.*, *Anderson v. Wells Fargo Bank, N.A.*, No.
  3:20-CV-738-YY, 2022 WL 595736 (D. Or. Feb. 28, 2022) ....................................7

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ..................................................................................................8

*Baton v. Ledger SAS*,
  740 F. Supp. 3d 847 (N.D. Cal. 2024) ......................................................................9

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ...............................................................................................7, 8

*Born v. Celtic Mktg. LLC*,
  No. 8:19-cv-01950-JLS-ADS, 2020 WL 3883273 (C.D. Cal. May 20, 2020) .........6

*Bristol-Myers Squibb Co. v. Sup. Ct. Cal., San Francisco Cty.*,
  582 U.S. 255 (2017) ..................................................................................................5

*Calder v. Jones*,
  465 U.S. 783 (1984) ..................................................................................................6

*Chesbro v. Best Buy Stores, L.P.*,
  705 F.3d 913 (9th Cir. 2012) ...................................................................................11

*Conley v. Gibson*,
  355 U.S. 41 (1957) ....................................................................................................7

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014) ..................................................................................................5

*Davidson v. Kimberly-Clark Corp.*,
  889 F.3d 956 (9th Cir. 2018) .....................................................................................7

*Dobronski v. Selectquote Ins. Servs.*,
  No. 2:23-CV-12597, 2025 WL 900439 (E.D. Mich. Mar. 25, 2025) .....................13

*Dole Food Co. v. Watts*,
  303 F.3d 1104 (9th Cir. 2002) ...................................................................................6

*Dolemba v. Illinois Farmers Ins. Co.*,
  2015 WL 4727331 (N.D. Ill. Aug. 10, 2015) ........................................................12

*Friedman v. Torchmark Corp.*,
  2013 WL 1629084 (S.D. Cal. Apr. 16, 2013) .......................................................11

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
  564 U.S. 915 (2011) ................................................................................................5

*Griffin v. Am.-Amicable Life Ins. Co. of Texas*,
  No. 6:24-CV-00243-MC, 2024 WL 4333373 (D. Or. Sept. 27, 2024)............................13, 14

*Havoco of America, Ltd. v. Shell Oil Co.*,
  626 F.2d 549 (7th Cir. 1980) ................................................................................16

*Int'l Shoe Co. v. Washington*,
  326 U.S. 310 (1945)................................................................................................5

*Ireland v. Bend Neurological Assocs. LLC*,
  No. 6:16-CV-02054-JR, 2017 WL 11571782 (D. Or. May 8, 2017) ......................16

*Kamm v. Cal. City Dev. Co.*,
  509 F.2d 205 (9th Cir. 1975) ..................................................................................8

*Kristensen v. Credit Payment Services, Inc.*,
  879 F.3d 1010 (9th Cir. 2018) ..............................................................................14

*Kruzel v. Molina Healthcare, Inc.*,
  No. 6:23-cv-01183-AA, 2024 WL 3706413 (D. Or. July 8, 2024) ................5, 6, 10

*Landis v. North American Co.*,
  299 U.S. 248 (1936)..............................................................................................16

*Little v. City of Seattle*,
  863 F.2d 681 (9th Cir. 1988) ................................................................................16

*Lyden v. Nike, Inc.*,
  No. 3:13-CV-00662-HZ, 2013 WL 6190964 (D. Or. Nov. 26, 2013)......................7

*Mattson v. New Penn Fin., LLC*,
  No. 3:18-CV-00990-YY, 2018 WL 6735088 (D. Or. Nov. 6, 2018), *report and recommendation adopted*, No. 3:18-CV-00990-YY, 2019 WL 123870 (D. Or. Jan. 4, 2019)..............................................................................................8

*Nichols v. 360 Ins. Grp.*
  LLC, No. 22-cv-03899-RS, 2023 WL 163201 (N.D. Cal. Jan. 11, 2023)................6

*Ott v. Mortg. Invs. Corp. of Ohio, Inc.*,
   65 F. Supp. 3d 1046 (D. Or. 2014) ................................................................8

*Pepka v. Kohl's Dep't. Stores, Inc.*,
   2016 WL 8919460 (C.D. Cal. Dec. 21, 2016) ...............................................8

*Reardon v. Uber Techs., Inc.*,
   115 F. Supp. 3d 1090 (N.D. Cal. 2015) ........................................................11

*Rutman Wine Co. v. E. & J. Gallo Winery*,
   829 F.2d 729 (9th Cir. 1987) .......................................................................16

*Schwarzenegger v. Fred Martin Motor Co.*,
   374 F.3d 797 (9th Cir. 2004) ....................................................................6, 9

*Sprewell v. Golden State Warriors*,
   266 F.3d 979 (9th Cir. 2001) ........................................................................8

*Taylor v. Yee*,
   780 F.3d 928 (9th Cir. 2015) .........................................................................7

*Walsh v. Nevada Dep't of Human Resources*,
   471 F.3d 1033 (9th Cir. 2006) ......................................................................7

*Wang v. OCZ Tech. Grp., Inc.*,
   276 F.R.D. 618 (N.D. Cal. Oct. 14, 2011) ....................................................9

*Weingrad v. DH & RK Investments, LLC*,
   No. 2:24-CV-05981 (C.D. Cal. Oct. 17, 2024) .............................................1

*Weingrad v. Franchise Creator, LLC*,
   No. 1:25-cv-22746 (S.D. Fla. June 17, 2025) ...............................................1

*Weingrad v. Quotelab LLC*,
   No. 2:23-CV-05007 (E.D. Pa. May 7, 2024) .................................................1

*Weingrad v. RFR Capital*,
   No. 2:24-CV-02636 (E.D. Pa. Jan. 6, 2025) .................................................1

*Weingrad v. Slingshot Enterprises Inc*,
   No. 2:24-CV-03736 (E.D.N.Y. March 7, 2025) ............................................1

*Weingrad v. Top Healthcare Options Ins. Agency Co.*,
   No. 2:23-CV-5114, 2024 WL 4228149 (E.D. Pa. Sept. 17, 2024) ...........1, 12

*Weingrad v. Yelp Inc.*,
   No. 1:24-CV-01330 (M.D. Pa. Oct. 9, 2024) ................................................1

*Whitaker v. Tesla Motors, Inc.*,
    985 F.3d 1173 (9th Cir. 2021) ...........................................................................8

*Whittlestone, Inc. v. Handi-Craft Co.*,
    618 F.3d 970 (9th Cir. 2010) ...........................................................................9

*Worsham v. Travel Options, Inc.*,
    No. 14-2749, 2016 WL 4592373 (D. Md. Sept. 2, 2016) ......................................13

**Rules**

47 C.F.R. § 64.1200(c) ......................................................................................10

47 C.F.R. § 64.1200(f)(1) ..................................................................................11

47 C.F.R. § 64.1200(f)(12) ................................................................................11

47 C.F.R. § 64.1200(f)(13) ................................................................................11

Fed. R. Civ. Pro. 12(f) ......................................................................................15

DEFENDANT LIFEWAVE, INC.'S MOTION TO
DISMISS, STRIKE, AND STAY DISCOVERY

## MOTION

Defendant LifeWave, Inc. ("LifeWave") respectfully moves this Court for an Order that will (1) dismiss the Complaint putative class action Complaint filed by Plaintiff Leon Weingrad ("Plaintiff" or "Mr. Weingrad") (Doc. 1) ("Complaint") in its entirety for lack of personal jurisdiction pursuant to Fed. R. Civ. Pro. 12(b)(2); (2) alternatively, if the Complaint is not dismissed for lack of personal jurisdiction, dismiss the Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim; (3) alternatively, if the Complaint is not dismissed in its entirety, strike allegations related to the Telemarketing Caller ID Class and strike Plaintiff's request for treble damages pursuant to Fed. R. Civ. P. 12(f); and (4) stay discovery pending resolution of this Motion to Dismiss, Strike, and Stay Discovery ("Motion") because the case may be dismissed entirely or modified as a result of this Motion. LifeWave respectfully submits and relies upon the incorporated Memorandum of Law below in support of this Motion.

## MEMORANDUM OF LAW

## I.    INTRODUCTION

Plaintiff, a serial litigant in Telephone Consumer Protection Act ("TCPA") cases,[1] has failed to state a cognizable claim in this one. The Complaint contains numerous defects which

---

[1] *See, e.g., Weingrad v. Slingshot Enterprises Inc*, No. 2:24-CV-03736 (E.D.N.Y. March 7, 2025) (dismissed); *Weingrad v. Franchise Creator, LLC*, No. 1:25-cv-22746 (S.D. Fla. June 17, 2025) (complaint recently filed); *Weingrad v. Yelp Inc.*, No. 1:24-CV-01330 (M.D. Pa. Oct. 9, 2024) (voluntarily dismissed); *Weingrad v. DH & RK Investments*, *LLC*, No. 2:24-CV-05981 (C.D. Cal. Oct. 17, 2024) (voluntarily dismissed); *Weingrad v. Top Healthcare Options Ins. Agency Co.*, No. 2:23-CV-5114, 2024 WL 4228149 (E.D. Pa. Sept. 17, 2024) (dismissing TCPA and state law claims because "one answered call does not make a federal case"); *Weingrad v. Quotelab LLC*, No. 2:23-CV-05007 (E.D. Pa. May 7, 2024) (voluntarily dismissed); *Weingrad v. RFR Capital*, No. 2:24-CV-02636 (E.D. Pa. Jan. 6, 2025) (voluntarily dismissed).

warrant not only striking Plaintiff's claim pursuant to a statute under which there is *no* private right of action in this District, but also dismissal of the Complaint in its entirety.

*First,* Plaintiff fails to sufficiently allege facts to support personal jurisdiction over Defendant LifeWave in this District. As explained below, the Plaintiff does not allege facts to support purposeful direction of Defendant's activities toward this forum, and therefore jurisdiction would not comport with the notion of fair play and substantial justice.

*Second,* Plaintiff does not plead the facts necessary to establish a violation of 47 U.S.C. § 227(c)(5). His cookie-cutter Complaint describes the legislative history and purpose of the TCPA at length but fails to allege *any facts* suggesting two or more calls or text messages were placed *by the Defendant* for the requisite purpose necessary to state such a claim. As a result, Plaintiff fails to state a plausible claim for relief under 47 U.S.C. § 227(c)(5).

*And third,* Plaintiff baselessly asserts a claim for violations of the FCC's caller identification regulation, 47 C.F.R. § 64.1601(c). Plaintiff relies on a single outlier decision from another jurisdiction to support his argument that this Court should recognize a distinct private right of action under this regulation. However, this Court need not look to precedent in other districts because it has already considered this issue and, consistent with the vast majority of jurisprudence across jurisdictions, expressly held there is no private right of action for alleged violations of 47 C.F.R. § 64.1601(e).

For all of these reasons, this Court should dismiss Plaintiff's Complaint with prejudice, and if it does not, strike the allegations outlined herein as impertinent and immaterial. Because this Motion may affect the scope of this case or dispose of it entirely, the Court should also stay discovery pending resolution of this Motion.

DEFENDANT LIFEWAVE, INC.'S MOTION TO
DISMISS, STRIKE, AND STAY DISCOVERY

II.     **FACTS**

LifeWave is a manufacturer of patented wearable wellness patches.  Since 2004, LifeWave has sold its products through a "distributed marketing" model in which local non-employee independent contractors build their own teams of sales representatives to market and sell LifeWave products.  LifeWave does not engage in any telemarketing practices or market to end consumers directly, and provides its localized, independent marketing partners with clear compliance guidance, including that telemarketing is not permitted.

Mr. Weingrad's barebones Complaint asserts no facts from which this Court may draw a reasonable inference of liability for the TCPA violations he alleges.  Plaintiff states he maintains a residential telephone number with the area code (503), but provides no further identifying information that would allow LifeWave to investigate his allegations.  *See* Compl. ¶ 17.  He also baldly asserts he received "at least 7 text messages from the Defendant's number 503-379-9719 between July 13, 2024, and present," *id.* ¶ 25, and claims "all" text messages came from the 9719 telephone number.  But he only *specifically* alleges *two* text messages from this phone number: one on July 13, 2024, and one on April 26, 2025, *id.* ¶¶ 25-26, 29-30, and alleges no facts to support that the phone number that sent these texts belongs to Defendant—indeed, it does not.

The July 2024 text message allegedly invited an individual named "Joe" to "A Very Special Event … for our team only."  *Id.* ¶ 29.  Plaintiff admits that he is not the "Joe" referenced in the text and that he has never done business with LifeWave, leading a reasonable reader to believe that the text was sent to the wrong number.  *Id.* ¶¶ 33-34.  The July 2024 text invites "Joe" to register for a Zoom webinar "for our team only" to discuss a "convention in Oct."  *Id.* ¶ 29.  Plaintiff claims this text was unwanted, which is not surprising since it appears Mr. Weingrad was not the intended recipient of this text message.  *Id.* ¶ 35.  Crucially, there is *no*

DEFENDANT LIFEWAVE, INC.'S MOTION TO
DISMISS, STRIKE, AND STAY DISCOVERY

*aspect* of the July 2024 text message that would support the conclusory allegation that the message was "an attempt to sell Plaintiff LifeWave's energy, technology, life care, and skincare products." *Id.* ¶ 37. In fact, the July 2024 message would lead a reasonable person to assume the message was intended for a member of the sender's sales team and was inadvertently sent to the wrong recipient. This conduct is not violative of the TCPA, and it certainly does not achieve Congress' goal of "strik[ing] a balance between individuals' privacy rights, public safety interests, and commercial freedoms." *Id.* ¶ 1 (internal quotations and citations omitted).

The second text message Plaintiff alleges he received on April 26, 2025, is also addressed to "Joe," a member of the "Lifewave family" who was invited to sign into his "Lifewave back office" to learn more about a new promotion on LifeWave products. *Id.* ¶ 30. But even if that text message could be considered "an attempt to sell the Plaintiff Lifewave's energy, technology, life care, and skincare products," as he alleges (*id.* ¶ 37)—and LifeWave contends it was not—it would be the *only* such text alleged with any particularity in the Complaint. Plaintiff fatally omits *any* allegations relating to the date and/or contents of the other five text messages mentioned only in passing, and has therefore alleged, at most, a *single* text message that could arguably be characterized as an advertisement or solicitation. *Id.* ¶¶ 25, 30. As explained below, because the first July 2024 text message is not an advertisement or solicitation, Plaintiff has not sufficiently alleged at least two text messages for that purpose as required. Notably, Plaintiff also does not allege that he made any effort to inform the sender that he was not "Joe," the person specifically addressed in the text, or that he ever asked the sender of these misdirected texts to stop contacting him.

III.    **LEGAL STANDARD**

A.    **Lack of Personal Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(1).**

Personal jurisdiction may be either general or specific.  *Bristol-Myers Squibb Co. v. Sup. Ct. Cal., San Francisco Cty.*, 582 U.S. 255 (2017).  "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home."  *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011).  A court may assert general jurisdiction over foreign corporations to hear any and all claims against them when their affiliations with the State are so "continuous and systematic" as to render them essentially at home in the forum State.  *Goodyear,* 564 U.S. at 919.  The "paradigm" bases for general jurisdiction are "the place of incorporation and principal place of business," although operations in another state might also be "so substantial and of such a nature as to render the corporation at home in that State."  *Daimler AG v. Bauman*, 571 U.S. 117, 137, 139 n. 19 (2014).  *See also Kruzel v. Molina Healthcare, Inc.,* No. 6:23-cv-01183-AA, 2024 WL 3706413, at *3 (D. Or. July 8, 2024).

If a party is not subject to general jurisdiction, due process requires that a defendant have "certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotations omitted).  The Ninth Circuit uses a three-part test to analyze whether a party's "minimum contacts" comport with the doctrine articulated in *International Shoe*:

(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by

DEFENDANT LIFEWAVE, INC.'S MOTION TO
DISMISS, STRIKE, AND STAY DISCOVERY

which he purposefully avails himself of the privilege of conducting activities in the

forum, thereby invoking the benefits and protections of its laws;

> (2) the claim must be one which arises out of or relates to the defendant's forum-

related activities; and

> (3) the exercise of jurisdiction must comport with fair play and substantial justice,

*i.e.* it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 802 (9th Cir. 2004). Under the first

factor of the specific jurisdiction test, purposeful availment and purposeful direction are distinct

concepts. *Id.* Purposeful availment is most often used in cases related to contract disputes, and

purposeful direction is used in cases that sound in tort. *Id.*

Purposeful direction is analyzed under the three-part test derived from *Calder v. Jones*,

465 U.S. 783 (1984): "that the defendant allegedly ha[s] (1) committed an intentional act,

(2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be

suffered in the forum state." *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002). The

*Calder* test is appropriate here because TCPA actions are "essentially … tort claim[s]." *Kruzel v.*

*Molina Healthcare, Inc*., No. 6:23-cv-01183-AA, 2024 WL 3706413, at *3 (D. Or. July 8, 2024)

(citing *Nichols v. 360 Ins. Grp*. LLC, No. 22-cv-03899-RS, 2023 WL 163201, at *3 (N.D. Cal.

Jan. 11, 2023) (applying purposeful direction test "[b]ecause TCPA claims sound in tort")).

Accordingly, "the court's personal jurisdiction inquiry is appropriately limited to an examination

of whether [the defendant] may be said to have purposefully directed [its] activities at [the forum

state]." *Id.* (citing *Born v. Celtic Mktg. LLC*, No. 8:19-cv-01950-JLS-ADS, 2020 WL 3883273,

at *3 (C.D. Cal. May 20, 2020)).

DEFENDANT LIFEWAVE, INC.'S MOTION TO
DISMISS, STRIKE, AND STAY DISCOVERY

**B.      Failure to State a Claim under Fed. R. Civ. P. 12(b)(6).**

For Plaintiff to survive a motion to dismiss for failure to state a claim under Fed. R. Civ.

P. 12(b)(6), "the complaint must allege 'enough facts to state a claim to relief that is plausible on

its face.'" *Taylor v. Yee*, 780 F.3d 928, 935 (9th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 570 (2007)).  The Complaint need not state "detailed factual allegations," but it

must contain sufficient factual allegations to "state a claim to relief that is plausible on its face."

*Twombly*, 550 U.S. at 555, 570. To evaluate the sufficiency of the Complaint's factual

allegations, "the court must accept as true all well-pleaded material facts alleged in the complaint

and construe them in the light most favorable to the plaintiff." *Anderson v. Wells Fargo Bank,*

*Nat'l Ass'n*, No. 3:20-CV-0738-YY, 2021 WL 7186811, at *1 (D. Or. Dec. 10, 2021), *report and*

*recommendation adopted sub nom.*, *Anderson v. Wells Fargo Bank, N.A.*, No. 3:20-CV-738-YY,

2022 WL 595736 (D. Or. Feb. 28, 2022) (citing *Davidson v. Kimberly-Clark Corp.*, 889 F.3d

956, 971 (9th Cir. 2018)).

Under Fed. R. Civ. Pro. 8, the Complaint must allege enough specific facts to provide

LifeWave with "fair notice of what the plaintiff's claim is and the grounds upon which it rests."

*Walsh v. Nevada Dep't of Human Resources*, 471 F.3d 1033, 1036 (9th Cir. 2006) (quoting

*Conley v. Gibson,* 355 U.S. 41, 47 (1957)).  "While a complaint devoid of any factual recitation

or of any articulation of an intended legal theory may not pass muster under the liberal notice

pleading rules, a complaint runs afoul of Rule 8's requirements when it is excessively verbose,

contains immaterial or only slightly relevant background or other facts, and fails to clearly link

what facts and causes of action are being asserted against a particular defendant." *Lyden v. Nike,*

*Inc.*, No. 3:13-CV-00662-HZ, 2013 WL 6190964, at *1 (D. Or. Nov. 26, 2013) (citing *Conley*,

355 U.S. at 47).

"The plausibility of a pleading thus derives from its well-pleaded factual allegations." *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1176 (9th Cir. 2021) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Only "well-pleaded facts" are given a presumption of truth, not legal conclusions. *Id.* (citing *Iqbal*, 556 U.S. at 679; *Twombly*, 550 U.S. at 555). Legal conclusions and naked allegations without factual enhancements "stop[] short of the line between possibility and plausibility of entitlement to relief." *Twombly*, 550 U.S. at 556-57 (internal quotations omitted). Courts need not accept as true any legal conclusions or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555) (internal brackets and quotations omitted). The plausibility standard under Rule 12(b)(6) allows this Court to assess the sufficiency of the Complaint's allegations by ignoring any "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. GoldenState Warriors*, 266 F.3d 979, 88 (9th Cir. 2001).

### C.    Striking Irrelevant and Impertinent Allegations Pursuant to Rule 12(f).

Rule 12(f) of the Federal Rules of Civil Procedure permits a district court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Courts in the Ninth Circuit recognize that class allegations may be properly stricken at the pleadings stage pursuant to Fed. R. Civ. P. 12(f). *See e.g., Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 212 (9th Cir. 1975) (affirming dismissal of class allegations); *Mattson v. New Penn Fin., LLC*, No. 3:18-CV-00990-YY, 2018 WL 6735088 (D. Or. Nov. 6, 2018), *report and recommendation adopted*, No. 3:18-CV-00990-YY, 2019 WL 123870 (D. Or. Jan. 4, 2019) (holding "class allegations may be stricken or dismissed at the pleading stage"); *Ott v. Mortg. Invs. Corp. of Ohio, Inc.*, 65 F. Supp. 3d 1046 (D. Or. 2014) (same); *Pepka v. Kohl's Dep't.*

*Stores, Inc.*, 2016 WL 8919460, at *4 (C.D. Cal. Dec. 21, 2016) (striking class allegations in a TCPA case which "necessarily involve[d] individualized inquiries" and concluding that "discovery would not cure this defect."). "The essential function of a Rule 12(f) motion is to 'avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to the trial.'" *Baton v. Ledger SAS*, 740 F. Supp. 3d 847, 872 (N.D. Cal. 2024) (quoting *Wang v. OCZ Tech. Grp., Inc.*, 276 F.R.D. 618, 624 (N.D. Cal. Oct. 14, 2011); *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010)).

## IV.   <u>ARGUMENT</u>

### A.   **The Complaint should be dismissed for lack of personal jurisdiction over Defendant LifeWave.**

First and foremost, Plaintiff's Complaint should be dismissed for lack of personal jurisdiction. Plaintiff must allege either general and/or specific jurisdiction over Defendant and has not done so. Plaintiff does not attempt to allege general jurisdiction over LifeWave, nor can he. As alleged, LifeWave's principal place of business is in Utah. Compl. ¶ 5. Plaintiff's allegation that LifeWave is a Utah corporation is incorrect; *id.,* it is a Georgia corporation. In any event, LifeWave is in no way "at home" in Oregon, nor does Plaintiff allege that it is. Plaintiff must therefore rely on specific jurisdiction in order to meet his burden to plead personal jurisdiction. *Schwarzenegger,* 374 F.3d at 802.

Here, Plaintiff hinges his allegation of personal jurisdiction on the fact that an Oregon telephone number sent text messages to an Oregon resident. Compl. ¶ 7. But Plaintiff does not adequately allege that Defendant was the party who sent these text messages to the Oregon resident from the Oregon phone number—nor can he. Instead, the basis of his claims is "acts and omissions of Defendant and/or any of their affiliates, agents, and/or other persons or entities which discovery may reveal." *Id.* ¶¶ 62, 64, 68, 70 (each reciting this same language). The

DEFENDANT LIFEWAVE, INC.'S MOTION TO
DISMISS, STRIKE, AND STAY DISCOVERY

vague allegation that Defendant or some unknown affiliate, agent, or person took an action

directed to someone in Oregon is simply not sufficient to show that Defendant LifeWave

purposefully directed itself toward the state of Oregon in any way.  It has not.  The Complaint

should be dismissed on this basis alone.  *See Kruzel v. Molina Healthcare, Inc.,* 2024 WL

3706413, at *3.

> **B.     Count I must be dismissed because Plaintiff fails to allege the requisite two or
> more calls for the purpose of telephone solicitation.**

Even if this Court did have jurisdiction over Defendant LifeWave, Plaintiff's Complaint

would be factually inadequate to state a claim.  To state a claim under the TCPA's Do-Not-Call

provision, 47 U.S.C. § 227(c)(5), Plaintiff must plausibly allege *more than one* unsolicited

marketing call in a 12-month period "by or on behalf of the same entity in violation of the

regulations prescribed under this subsection."  47 U.S.C. § 227(c)(5).  Count I of the Complaint

cites the FCC regulation promulgated under this subsection, § 64.1200(c), which prohibits

solicitation calls to a recipient who has "registered his or her telephone number on the national

do-not-call registry of persons who do not wish to receive telephone solicitations."  47 C.F.R.

§ 64.1200(c).

As a threshold issue, Plaintiff alleges that his telephone number "has been listed on the

Do Not Call Registry for over a year prior to the calls at issue," but does not allege that *he*

registered it.  Compl. ¶ 18.  Prior registrations by a different subscriber are not sufficient; a

Plaintiff must allege that they were the one to register the phone number at issue.  *See* 47 C.F.R.

§ 64.1200(c) (specifying that the code applies to a recipient who has "registered his or her

telephone number on the national do-not-call registry of persons who do not wish to receive

telephone solicitations.").

The Complaint is also void of any allegations regarding the date, content, or purpose of the five alleged additional text messages. *See generally* Complaint. And there are no factual allegations to support that the first text message in 2024, or the five additional text messages mentioned in passing without *any* supporting detail, served a telemarketing purpose violative of the TCPA. "The purpose of a text or call determines whether it qualifies as a telephone solicitation, and courts use 'a measure of common sense' to determine its purpose." *Abboud v. Circle K Stores Inc.*, 731 F. Supp. 3d 1094, 1102 (D. Ariz. 2024) (quoting *Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913, 918 (9th Cir. 2012)). A text message will constitute telemarketing under the TCPA if it is "intended to offer property, goods, or services for sale either during the call, or in the future." *Chesbro*, 705 F.3d at 918 (quoting 47 C.F.R. § 64.1200(f)(13)).

Under the TCPA, telemarketing "means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200(f)(12); *see also* 47 C.F.R. § 64.1200(f)(1) (defining "advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services."). It is well-established in this Circuit that communications related to the opportunity to sell goods—like at least one of the two texts discussed in detail here—are not considered telemarketing or advertising, but are more akin to recruiting texts not subject to the TCPA. *See, e.g., Reardon v. Uber Techs., Inc.*, 115 F. Supp. 3d 1090, 1096 (N.D. Cal. 2015) ("The texts . . . were sent to recruit drivers, not to promote the commercial availability of Uber's transportation services, even if Uber's ability to successfully recruit drivers is related to its commercial interest in providing more rides to its customers. The Court finds that the texts at issue here were more akin to recruiting texts than advertising or telemarketing texts."); *Friedman v. Torchmark Corp.*, 2013 WL 1629084, at *4 (S.D. Cal.

Apr. 16, 2013) ("Defendant's message was not aimed at encouraging Plaintiff to engage in future commercial transactions with Defendant to purchase its goods" but rather "informed Plaintiff about a recruiting webinar that could have resulted in an opportunity to sell Defendant's goods" and thus was "akin to an offer of employment" rather than advertising).[2]

The July 2024 text does not suggest an intention to promote a commercial purpose. Compl. ¶ 29. Rather, the message is clear on its face that it was intended to invite an individual on the sender's marketing team to join a Zoom event for LifeWave partners. *Id.* Only the final text message allegedly received in April 2025 even mentions LifeWave *products*, but that text message is arguably also not promotional. On its face, that text message is informing LifeWave marketing partners of a promotion and inviting them to sign into their back-office accounts to learn more for purposes of their *own independent* LifeWave businesses. Compl. ¶ 30.

And while Plaintiff makes passing mention of five other texts, he does not allege a single fact regarding those purported communications to establish that they could possibly violate the TCPA. Notably, this particular Plaintiff and his counsel are well aware that failure to allege the specifics of more than one violating text is fatal to a TCPA claim—other TCPA cases they have filed together have been dismissed on those *exact* grounds. *See, e.g., Weingrad v. Top Healthcare Options Ins. Agency Co.,* No. CV 23-5114, 2024 WL 4228149, at *4 (E.D. Pa. Sept. 17, 2024) (noting that "[c]all recipients must do more than allege the calls in question were telephone solicitations" and dismissing Mr. Weingrad's TCPA claim because he "failed to allege

---

[2] The same is true in courts outside this District. *See, e.g., Dolemba v. Illinois Farmers Ins. Co.*, 2015 WL 4727331 (N.D. Ill. Aug. 10, 2015) (finding automated call inviting recipient to attend a "town hall" regarding a business opportunity is not marketing even though the business opportunity would have required plaintiff "to acquire goods and services and expend money").

DEFENDANT LIFEWAVE, INC.'S MOTION TO
DISMISS, STRIKE, AND STAY DISCOVERY

sufficient facts regarding the content of the calls from which the Court could infer ... the purpose

of the calls").

Because Mr. Weingrad has alleged no details of the other five texts he claims to have

received, his claims for relief are therefore confined to the two texts received in July of 2024 and

April of 2025.  The July 2024 text is clearly not promotional and does not fall within the TCPA's

definition of advertising or telemarketing.  This failure to allege at least two qualifying texts is

fatal to Count I of Plaintiff's Complaint.

### C.    Count II must also be dismissed because there is no private right of action to assert a claim under 47 C.F.R. § 64.1601(e).

In Count II of his Complaint, Plaintiff attempts to assert a cause of action that this Court

has previously considered and expressly rejected.  It is well-established in the Ninth Circuit, and

in most federal courts, that § 64.1601(e) does not create a private right of action.  Plaintiff claims

that any violation of this FCC regulation is enforceable through a private right of action created

by § 227(c)(5).  Compl. ¶¶ 13, 15.  Not so.  Most courts, including this one, recognize that the

FCC's rules and comments indicate that § 64.1601(e) does not create "a separate mechanism

upon which a consumer can make an actionable claim."  *Griffin v. Am.-Amicable Life Ins. Co. of*

*Texas*, No. 6:24-CV-00243-MC, 2024 WL 4333373, at *5 (D. Or. Sept. 27, 2024) (quoting

*Worsham v. Travel Options, Inc.*, No. 14-2749, 2016 WL 4592373, at *4-5 (D. Md. Sept. 2,

2016)) (emphasis in original).  In aligning itself with the majority of federal courts and

dismissing this claim with prejudice in *Griffin*, this Court unequivocally held that **"Plaintiffs**

**may not pursue a private right of action for the alleged violations of 47 C.F.R.**

**§ 64.1601(e)."**  *Id.* at *3, 5.

Plaintiff relies exclusively on the Eastern District of Michigan's recent outlier decision in

*Dobronski v. Selectquote Ins. Servs.*, No. 2:23-CV-12597, 2025 WL 900439 (E.D. Mich. Mar. 25,

DEFENDANT LIFEWAVE, INC.'S MOTION TO
DISMISS, STRIKE, AND STAY DISCOVERY

2025) to support this claim. Compl. ¶ 15. In doing so, he suggests that this Court should rule in direct contradiction to *Griffin* and create a private right of action where it has already affirmed that the FCC did not intend to create one. *Griffin*, 2024 WL 4333373 at *3, 5. This Court need not consider case law from other jurisdictions to resolve whether Count II should survive; it has already found it is not cognizable. The Court must therefore dismiss Count II and should do so with prejudice because amendment would be futile.

> **D.    Both counts should be dismissed for failure to allege the facts sufficient to hold LifeWave vicariously liable.**

Plaintiff alleges LifeWave "and/or any of their affiliates, agents, and/or other persons or entities" violated § 227(c)(5) and 47 C.F.R. § 64.1200(c) by making "telemarketing calls" to Plaintiff's (503) area code telephone number while it was registered on the National DNC registry. Compl. ¶¶ 17-18, 62. But "'making' a call, and making oneself liable under the TCPA, requires that 'the person must either (1) directly make the call, or (2) have an agency relationship with the person who made the call.'" *See Griffin,* 2024 WL 4333373, at *3. Here, Plaintiff does not clearly allege *who* placed the calls at issue.

The two texts alleged with any detail are signed by an individual claiming to be on a "LifeWave Advisory Council." Compl. ¶¶ 29, 30. But Plaintiff does not allege facts that, even if presumed true, would be sufficient to show that the sender was an employee or agent of LifeWave, had any actual or apparent authority from LifeWave, or that LifeWave was aware of or ratified the sender's messages. *See, e.g., Kristensen v. Credit Payment Services, Inc.*, 879 F.3d 1010 (9th Cir. 2018) (holding that there must be ratification and knowledge of a third party's act in order to hold a defendant vicariously liable for its TCPA violations). This too should render both Count I and II insufficient to state a cause of action against LifeWave.

DEFENDANT LIFEWAVE, INC.'S MOTION TO
DISMISS, STRIKE, AND STAY DISCOVERY

**E.     The Telemarketing Caller ID Class is not cognizable and allegations regarding that class and demands for related relief should be stricken.**

As established above, Count II of the Complaint cannot survive because there is no private right of action under the predicate statute.  Accordingly, the Telemarketing Caller ID Class set forth in Paragraph 45 of the Complaint should be stricken because it is immaterial and impertinent.  Fed. R. Civ. Pro. 12(f).  Paragraphs 13-15, 26-28, and 66-71 of the Complaint all contain allegations related to the unrecognized "Caller ID" claim and should be stricken for the same reason.

Plaintiff also requests injunctive relief prohibiting LifeWave from "calling telephone numbers advertising their goods and services … without the transmission of Caller ID Name in the future…."  *See* Compl. Prayer For Relief, Paragraph A.  This too should be stricken because there is no privately enforceable cause of action prohibiting placing calls without the transmission of Caller ID Name in this District, and Plaintiff therefore lacks standing to bring this claim for injunctive relief.

**F.     Plaintiff alleges no facts to support the allegation that LifeWave took action "willfully" and therefore his demand for treble damages should be dismissed and stricken.**

Plaintiff further alleges, again without support, that he and the members of the putative National Do Not Call Registry Class are entitled to treble damages pursuant to 47 U.S.C. § 227, because the violations alleged in the Complaint were willful or knowing.  Compl. ¶¶ 63, 69, 71.  But Plaintiff has not even sufficiently alleged that LifeWave sent these texts, much less proffer allegations to support its baseless belief that it did so while willingly and knowingly violating the TCPA.  There is not a *single supporting fact* pled to support these allegations of willingness, and therefore Plaintiff's demands for treble damages in Paragraphs 63, 69, and 71, and the treble damages portion of Paragraph B of the Prayer for Relief, should be dismissed and stricken.

DEFENDANT LIFEWAVE, INC.'S MOTION TO
DISMISS, STRIKE, AND STAY DISCOVERY

### G.    Discovery should be stayed while this Motion is pending.

Limitations or stays on discovery are appropriate and routinely granted where a pending Motion to Dismiss presents a credible challenge to the legal and factual basis of the Complaint. *See e.g., Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) (recognizing that a stay of discovery "furthers the goal of efficiency" in instances where threshold legal issues need to be resolved); *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729 (9th Cir. 1987) (holding "if the allegations of the complaint fail to establish the requisite elements of the cause of action, our requiring costly and time-consuming discovery and trial work would represent an abdication of our judicial responsibility." *Havoco of America, Ltd. v. Shell Oil Co.*, 626 F.2d 549, 553 (7th Cir. 1980)). This Court's power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).

Staying discovery is appropriate where, as here, there is a "'reasonable possibility' that the pending Motion[] to Dismiss, if granted, would affect the content of plaintiff's [] complaint, if any, and subsequent scope of discovery." *Ireland v. Bend Neurological Assocs. LLC*, No. 6:16-CV-02054-JR, 2017 WL 11571782, at *2 (D. Or. May 8, 2017). Because this Motion may dispose of all, or some, of the claims asserted against LifeWave, LifeWave requests the Court to stay discovery until this Motion is decided.

## V.    <u>CONCLUSION</u>

For all these reasons, LifeWave respectfully requests that this Court stay discovery pending resolution of this Motion and dismiss Plaintiff's Complaint in its entirety. If the Court does not dismiss the Complaint entirely, Defendant requests the Court strike Paragraphs 13-15, 26-28, 63, and 66-71, the Caller ID Class portion of Paragraph 45, Paragraph A of the Prayer for

Relief seeking injunctive relief related to the Caller ID claim, and the treble damages demand portion of Paragraph B of the Prayer for Relief demanding treble damages, for all of the reasons stated above.

Dated: June 27, 2025

Respectfully submitted,
/s/ Minney Thind
_____

Minney Thind (OR Bar No. 332628)
Jennifer M. Oliver (*pro hac vice*)
BUCHANAN INGERSOLL & ROONEY LLP
600 W. Broadway Suite 1100
San Diego, CA 92101
Telephone:  (619) 685-1990
Minney.thind@bipc.com
jennifer.oliver@bipc.com

***Counsel for Defendant LifeWave, Inc.***

DEFENDANT LIFEWAVE, INC.'S MOTION TO
DISMISS, STRIKE, AND STAY DISCOVERY

## <u>LR 7-1 CERTIFICATION</u>

In compliance with Local Rule 7-1(a)(1), counsel for Defendant certifies that they have made a good faith effort through personal or telephone conference with Plaintiff's counsel to resolve the disputed issues asserted in this Motion.  The parties' counsel were unable to resolve the issues raised in this motion.

BUCHANAN INGERSOLL & ROONEY LLP

By:  <u>*/s/ Jennifer M. Oliver*</u>

*Attorney for LifeWave, Inc.*

## <u>CERTIFICATE OF COMPLIANCE</u>

This brief complies with the applicable word-count limitation under LR 7-2(b) because it contains 5,179 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

BUCHANAN INGERSOLL & ROONEY LLP

By:  <u>*/s/ Jennifer M. Oliver*</u>

*Attorney for LifeWave, Inc.*

DEFENDANT LIFEWAVE, INC.'S MOTION TO
DISMISS, STRIKE, AND STAY DISCOVERY

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 27, 2025, I electronically filed with the Clerk of the U.S. District Court, District of Oregon, the foregoing document by using the CM/ECF system, which will send notification of such filing(s) to all attorneys of record.

BUCHANAN INGERSOLL & ROONEY LLP

By: <u>*/s/ Jennifer M. Oliver*</u>

*Attorney for LifeWave, Inc.*