Minney Thind (OR Bar No. 332628)
*Lead Counsel*
Jennifer M. Oliver (pro hac vice)
BUCHANAN INGERSOLL & ROONEY LLP
600 W. Broadway Suite 1100
San Diego, CA 92101
Telephone: (619) 685-1990
jennifer.oliver@bipc.com
minney.thind@bipc.com
*Counsel for Defendant LifeWave, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| LEON WEINGRAD, individually and on behalf of a class of all persons and entities similarly situated,<br><br>     Plaintiff,<br><br>  v.<br><br>LIFEWAVE, INC.,<br>and<br>RENATE LUNDBERG,<br><br>     Defendants. | Case No. 3:25-cv-752<br><br><br>**DEFENDANT LIFEWAVE'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT, STRIKE CLASS ALLEGATIONS, AND STAY DISCOVERY**<br><br>**REQUEST FOR ORAL ARGUMENT** |

# TABLE OF CONTENTS

**Page**

INTRODUCTION ............................................................................................................. 1

ARGUMENT ................................................................................................................... 1

I.    Plaintiff Cannot Establish Personal Jurisdiction. ................................................ 1

II.   Plaintiff Cannot Allege Direct or Vicarious Liability. ....................................... 3

    A.    Plaintiff fails to allege direct liability. .......................................................... 3

    B.    Plaintiff fails to allege vicarious liability. .................................................... 6

        i.    This Court can and should address vicarious liability at the
            pleading stage. ................................................................................... 6

        ii.   Plaintiff's vicarious liability allegations are insufficient. ............... 7

III.  Plaintiff Fails to Allege "Solicitations" Under The TCPA. ................................. 9

IV.   There Is No Private Right of Action Under § 64.1601 ...................................... 10

V.    Plaintiff's Failure to Allege He Registered His Phone Number on the DNC
Registry is Fatal to That Claim. ........................................................................ 12

VI.   Plaintiff Cannot Make the Requisite Allegation to Support Treble Damages. ................ 12

VII.  Discovery Should Be Stayed Until This Motion Is Decided. ............................. 13

CONCLUSION .............................................................................................................. 14

DEFENDANT LIFEWAVE, INC.'S REPLY TO OPPOSITION TO MOTION TO
DISMISS, STRIKE, AND STAY DISCOVERY

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abboud v. Circle K Stores Inc.*,
  731 F. Supp. 3d 1094 (D. Ariz. 2024) .....................................................................9

*Abrahamian v. loanDepot.com LLC*,
  2024 WL 1092442 (D. Ariz. Mar. 13, 2024) ..........................................................12

*Barton v. Bright Solar Mktg. LLC*,
  3:25-CV-05310-DGE, 2025 WL 2880136 (W.D. Wash. Oct. 9, 2025) ..................10

*Bojorquez v. Wells Fargo Bank, NA*,
  6:12-CV-02077-AA, 2013 WL 6055258 (D. Or. Nov. 7, 2013) ..........................4, 9

*Cantu v. Platinum Mktg. Grp., LLC*,
  2015 WL 13912331 (S.D. Tex. 2015) ...................................................................1, 2

*Chesbro v. Best Buy Stores, L.P.*,
  705 F.3d 913 (9th Cir. 2012) ...............................................................................9, 10

*Cunningham v. Caribbean Cruise Line, Inc.*,
  2015 WL 475271 (M.D. Tenn. 2015) ......................................................................2

*In re Dish Network, LLC*,
  28 FCC Rcd. 6574 (2013) .......................................................................................4

*Griffin v. American-Amicable Life Ins. Co. of Texas*,
  2024 WL 4333373 (D. Or. Sept. 27, 2024) ..................................................... *passim*

*Hachette Distrib., Inc. v. Hudson Cnty. News Co.*,
  136 F.R.D. 356 (E.D.N.Y. 1991) ..........................................................................14

*Havassy v. Keller Williams Realty, Inc.*,
  2024 WL 1640984 (E.D. Pa. Apr. 16, 2024) ...........................................................7

*Henderson v. United Student Aid Funds, Inc.*,
  918 F.3d 1068 (9th Cir. 2019), *as amended on denial of reh'g and reh'g en
  banc* (May 6, 2019) ...............................................................................................8, 9

*Jefferson Cnty. Sheriff's Off.*,
  2020 WL 7766987 (D. Or. Oct. 9, 2020) .................................................................9

DEFENDANT LIFEWAVE, INC.'S REPLY TO OPPOSITION TO MOTION TO
DISMISS, STRIKE, AND STAY DISCOVERY

*Jones v. Royal Admin. Servs., Inc.*,
    866 F.3d 1100 (9th Cir. 2017) ........................................................................7

*Keifer v. HOSOPO Corp.*,
    2018 WL 5295011 (S.D. Cal. Oct. 25, 2018) ...............................................13

*Komaiko v. Baker Techs., Inc.*,
    2020 WL 1915884 (N.D. Cal. Apr. 20, 2020) ..................................................2

*Kristensen v. Credit Payment Servs.*,
    12 F. Supp. 3d 1292 (D. Nev. 2014) ...............................................................6

*Mason v. Spring EQ LLC*,
    2024 WL 5424385 (C.D. Cal. Nov. 27, 2024) ...............................................12

*Meeks v. Buffalo Wild Wings, Inc.*,
    2018 WL 1524067 (N.D. Cal. Mar. 28, 2018) ..................................................5

*Meyer v. Cap. All. Grp.*,
    2017 WL 5138316 (S.D. Cal. Nov. 6, 2017) ..........................................10, 11

*Michaels v. Micamp Merchant Servs.*,
    2013 WL 5970340 (W.D. Pa. 2013) .................................................................2

*Naiman v. Freedom Forever, LLC*,
    2019 WL 1790471 (N.D. Cal. Apr. 24, 2019) ..................................................6

*Newell v. Strategic Admin. Grp., Inc.*,
    2020 WL 12770854 (E.D. Pa. May 6, 2020) ....................................................7

*Ott v. Mortg. Invs. Corp. of Ohio*,
    65 F. Supp. 3d 1046 (D. Or. 2014) ..................................................................2

*Rogers v. Assurance IQ, LLC*,
    2023 WL 2646468 (W.D. Wash. Mar. 27, 2023) ...........................................12

*Rombough v. Robert D. Smith Ins. Agency, Inc.*,
    2022 WL 2713278 (N.D. Iowa June 9, 2022)................................................12

*Schneider v. California Dep't of Corrections*,
    151 F.3d 1194 (9th Cir.1998) .......................................................................3, 9

*Sojka v. Loyalty Media LLC*,
    2015 WL 2444506 (N.D. Ill. 2015) ..................................................................1

*Tradebay, LLC v. eBay, Inc.*,
    278 F.R.D. 597 (D. Nev. 2011)......................................................................14

DEFENDANT LIFEWAVE, INC.'S REPLY TO OPPOSITION TO MOTION TO
DISMISS, STRIKE, AND STAY DISCOVERY

*Wakefield v. ViSalus, Inc.*,
   51 F. 4th 1109 (9th Cir. 2022) ....................................................................8

*Wick v. Twilio Inc.*,
   2017 WL 2964855 (W.D. Wash. 2017)................................................5, 6, 7

*Worsham v. Travel Options, Inc.*,
   2016 WL 4592373 (D. Md. 201) ...............................................................11

**Statutes**

47 C.F.R. § 64.1601(e)....................................................................................10

47 U.S.C. § 227(c)(5)......................................................................................13

DEFENDANT LIFEWAVE, INC.'S REPLY TO OPPOSITION TO MOTION TO
DISMISS, STRIKE, AND STAY DISCOVERY

## INTRODUCTION

Although Plaintiff Leon Weingrad ("Plaintiff") is a prolific and experienced TCPA litigant, his First Amended Complaint ("FAC") fails to remedy or address the numerous defects in the original. Nothing in his Response in Opposition (ECF No. 24, ("Opp." or "Opposition")), or the new exhibits improperly attached thereto, remedies those shortcomings. Plaintiff seeks to manufacture personal jurisdiction over Defendant LifeWave, Inc. ("LifeWave") where none exists, asks this Court to overturn its own rulings to create a new private right of action, advances unreasonable and unsupported theories of vicarious liability, and seeks treble damages even where there is no plausible allegation of knowing or willful conduct by LifeWave.

As explained below and in LifeWave's opening brief, this salvo must be rejected.

## ARGUMENT

### I.     Plaintiff Cannot Establish Personal Jurisdiction.

Plaintiff appears to concede that this Court lacks general jurisdiction over LifeWave. (Opp. at 4.) Accordingly, he must plausibly allege specific personal jurisdiction by proffering facts to support that LifeWave purposefully directed its conduct at Oregon. He has not done so here.

Defendant Renate Lundberg's[1] texts to an area code within the state does not, without more, establish personal jurisdiction over Defendant LifeWave. *See Cantu v. Platinum Mktg. Grp., LLC*, 2015 WL 13912331, *4 (S.D. Tex. 2015). Mobile phones are portable and ubiquitous, and their area code is no longer a reliable indicator of a user's residence or location. For example, in *Sojka v. Loyalty Media LLC*, the court held that a text message sent to a forum-associated area code did not demonstrate purposeful availment where the defendant had no knowledge of the

---

[1] Notably, although the FAC was filed more than 60 days ago, Plaintiff has not filed a proof of service on Defendant Lundberg, who allegedly sent the texts at issue, and she has not appeared in this case.

DEFENDANT LIFEWAVE, INC.'S REPLY TO OPPOSITION TO MOTION TO
DISMISS, STRIKE, AND STAY DISCOVERY

plaintiff's actual location. 2015 WL 2444506, *3 (N.D. Ill. 2015); *see also Cunningham v. Caribbean Cruise Line, Inc.*, 2015 WL 475271, *6 (M.D. Tenn. 2015) (holding defendant did not purposefully avail itself of the forum by dialing an area code associated with the forum); *Michaels v. Micamp Merchant Servs.*, 2013 WL 5970340, *3 (W.D. Pa. 2013) (finding no jurisdiction based on plaintiff's area code). Contrary to Plaintiff's suggestion, (Opp. at 4-5), he must do more than allege that his phone number has a forum-associated area code in order to establish personal jurisdiction over LifeWave because, as in *Cantu*, there is no allegation that LifeWave believed he was an Oregon resident and then attempted to contact him within the forum. 2015 WL 13912331, at *4. In fact, there is no allegation that LifeWave knew of Mr. Weingrad *at all*, since Plaintiff does not allege that LifeWave was the person or entity who contacted him to begin with.

The cases cited in Plaintiff's Opposition on this point are distinguishable. For example, in *Ott v. Mortg. Invs. Corp. of Ohio*, 65 F. Supp. 3d 1046 (D. Or. 2014), (Opp. at 5), unlike here, the defendant "formulated, directed, implemented, and ratified a telemarketing scheme" and therefore "reasonably should have known that telemarketing to Oregon telephone numbers would cause harm to persons in Oregon." *Id.* at 1057 (finding defendants could be held liable because they "had direct, personal participation in or personally authorized the conduct found to have violated the statute."). Likewise, in *Komaiko v. Baker Techs., Inc.*, 2020 WL 1915884 (N.D. Cal. Apr. 20, 2020), and the cases cited therein, (Opp. at 5), the court found jurisdiction because the defendants took *direct* action to send texts to individuals in the subject area code and therefore intentionally directed activity into the forum. That is not the case here; LifeWave is not alleged to have taken direct action to send the texts, known of the texts, or reviewed the recipient's phone number or area code.

DEFENDANT LIFEWAVE, INC.'S REPLY TO OPPOSITION TO MOTION TO
DISMISS, STRIKE, AND STAY DISCOVERY

Plaintiff alleges only that he received text messages from Ms. Lundberg on a mobile phone with a 503 area code. (FAC ¶ 26.) He does not allege that he resides in Oregon, that LifeWave knew where he resides, that LifeWave purposefully directed any conduct toward Oregon, that the messages referenced Oregon in any way, or that the messages were part of a campaign directed at Oregon residents. This is simply not enough to establish jurisdiction over LifeWave, a company with no ties to Oregon at all. Absent any allegation that LifeWave knew of Plaintiff's residence, planned to place marketing calls or texts to Oregon residents, or otherwise intentionally directed conduct at the forum, Plaintiff cannot establish specific jurisdiction and any finding to the contrary would violate due process.

## II.   Plaintiff Cannot Allege Direct or Vicarious Liability.

### A.      Plaintiff fails to allege direct liability.

Plaintiff also asserts that "because the Plaintiff has alleged that the [LifeWave In Touch] app serves as a conduit allowing a user-friendly way to send messages using LifeWave's systems, it follows that LifeWave is directly liable for the text messages it initiated." (Opp. at 23.) Not so. To state a claim for direct liability under the TCPA, Plaintiff must allege facts showing that LifeWave, not a third party, *actually placed* the calls or text messages in question. *Griffin v. American-Amicable Life Ins. Co. of Texas*, 2024 WL 4333373, at *3 (D. Or. Sept. 27, 2024). Here he alleges that Defendant Lundberg placed the texts at issue. (FAC ¶ 40.)

Perhaps recognizing this deficiency in the FAC, Plaintiff's Opposition contains numerous speculative statements that appear nowhere in the FAC, and in fact are *directly controverted* by the allegations of the FAC. They must therefore be disregarded at this stage. *See Schneider v. California Dep't of Corrections*, 151 F.3d 1194, 1196 (9th Cir.1998) (holding court may not consider new facts alleged in the plaintiff's opposition); *Bojorquez v. Wells Fargo Bank, NA*, 6:12-

DEFENDANT LIFEWAVE, INC.'S REPLY TO OPPOSITION TO MOTION TO
DISMISS, STRIKE, AND STAY DISCOVERY

CV-02077-AA, 2013 WL 6055258, at *4 (D. Or. Nov. 7, 2013) ("new allegations contained in the plaintiff's opposition motion are irrelevant for Rule 12(b)(6) purposes. Rather, in determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.").

For example, Plaintiff's Opposition now suggests that LifeWave "physically placed the unlawful messages at issue" and that the messages were "sent from LifeWave's telephone account." (Opp. at 23.) But these allegations are unsupported and *directly controverted* by the FAC's allegations that the "messages were sent by Defendant Lundberg" (FAC ¶ 40) and that the Plaintiff does not "know in whose name the 503-379-9719 number is actually, legally registered." (FAC ¶ 4). Plaintiff must live with the allegations in the FAC for purposes of this motion; he cannot change his story in the Opposition to create jurisdiction or avoid dismissal.

But even if this Court were to consider these improper new allegations, Plaintiff's claims must fail. Plaintiff speculates that Ms. Lundberg may have used LifeWave's app to send the texts at issue, and therefore LifeWave should be considered the "sender" of these texts. This is wrong. "[A] person or entity 'initiates' a telephone call when it takes the steps necessary to physically place a telephone call, and generally does not include persons or entities, such as third-party retailers, that might merely have some role, however minor, in the causal chain." *In re Dish Network, LLC*, 28 FCC Rcd. 6574, 6583 ¶ 26 (2013); *see also* Opp. at 23 (quoting the same passage to define "initiate" under the TCPA); *Griffin*, 2024 WL 4333373 at *3 (same). As the court in *Wick v. Twilio*[2] explained, to assess whether a platform provider "initiated" a message, courts and the FCC consider whether the provider (i) controls the content of the message; (ii) controls the timing

---

[2] Twilio is the same entity Plaintiff proposes to subpoena to obtain the source of the texts here. (FAC ¶ 42.)

of the message; (iii) controls the recipient list; (iv) knowingly permits TCPA violations; or (v) provides a service or platform that is not "reactive" in nature. 2017 WL 2964855, at *3 (W.D. Wash. 2017) (cited in Opp. at 5). None of those apply here.

As the *Wick* court observed, the FCC has examined the question of software developer liability in TCPA cases and found that a software provider whose service sent text replies through user-set preferences did not initiate the messages at issue because its system was reactive. *Id.* In that case, the user of the software, and not the software platform provider, controlled whether a message would be sent, determined the content, and managed the recipient list. *Id.* Therefore, the FCC found, it was the user of the platform, not the platform, who "initiated" the messages, and the platform provider could not be held liable under the TCPA. *Id.*

*Meeks v. Buffalo Wild Wings, Inc.,* 2018 WL 1524067, at *4 (N.D. Cal. Mar. 28, 2018) is also instructive. There, as here, the defendant allegedly provided a platform through which third-party restaurants could send marketing texts. But the court held that because the app users—not the defendant—determined whether, when, and to whom the texts were sent, the defendant could not be held vicariously liable under the TCPA. *Id.*

Here, as in *Wick* and *Meeks*, Plaintiff alleges only that LifeWave offers its brand partners a software platform *capable* of messaging; nowhere in the FAC does he allege facts to support that LifeWave actually initiated these texts, knew or vetted the recipients of these texts, or determined the content of these texts. (FAC ¶ 31, 44.) Any claim based upon direct liability must therefore be dismissed.

DEFENDANT LIFEWAVE, INC.'S REPLY TO OPPOSITION TO MOTION TO
DISMISS, STRIKE, AND STAY DISCOVERY

B.    **Plaintiff fails to allege vicarious liability.**

i.    **This Court can and should address vicarious liability at the pleading stage.**

Unable to state a claim for direct liability, Plaintiff also suggests that LifeWave should be subject to vicarious liability. This too falls short. As a threshold matter, Plaintiff argues that the Court must defer any assessment of vicarious liability to a later stage of the case. (Opp. at 5.) Not so. Courts routinely examine the sufficiency of pleadings alleging vicarious liability and agency in TCPA cases at the pleadings stage. *See Naiman v. Freedom Forever, LLC*, 2019 WL 1790471, at *4 (N.D. Cal. Apr. 24, 2019) (holding that to survive a motion to dismiss, "sufficient facts must be offered to support a reasonable inference that an agency relationship existed") (quoting *Kristensen v. Credit Payment Servs.*, 12 F. Supp. 3d 1292, 1301 (D. Nev. 2014)).

Plaintiff's reliance on *Wick v. Twilio Inc.* (Opp. at 5) in support of this contention is misleading at best. Contrary to Plaintiff's characterization, the court in *Wick* did not "express skepticism" about challenges to vicarious liability-based TCPA claims at the Rule 12 stage. *See Wick v. Twilio Inc.*, 2017 WL 2964855, at *6 (W.D. Wash. 2017). To the contrary, the *Wick* court *granted* the defendant's motion to dismiss for failure to allege facts showing an agency relationship or direct involvement in sending the texts. And in fact, although the *Wick* plaintiff alleged "Twilio's services are not purely reactive in nature, but that it is an active participant in developing the message the recipient ultimately receives, controlling the initiation of the message (including line selection and timing) to avoid spam filters and hide the source of the call, and allowing, if not promoting, unsolicited text message campaigns on its platform," the court *still* dismissed the Complaint because the "plaintiff's allegations regarding the telephone call he received are insufficient to raise a plausible inference that Twilio initiated *that call*." *Id.* at *4 (emphasis added). Other courts in the Ninth Circuit routinely dismiss claims based on speculative or conclusory

DEFENDANT LIFEWAVE, INC.'S REPLY TO OPPOSITION TO MOTION TO
DISMISS, STRIKE, AND STAY DISCOVERY

allegations of agency as well. *See, e.g., Jones v. Royal Admin. Servs., Inc.*, 866 F.3d 1100, 1108 (9th Cir. 2017) (holding a claim for vicarious liability under the TCPA requires factual allegations showing that the principal controlled the details of the agent's conduct).

The other cases Plaintiff cites for this proposition are similarly distinguishable. For example, in *Havassy v. Keller Williams Realty, Inc*., 2024 WL 1640984 (E.D. Pa. Apr. 16, 2024), (Opp. at 6), unlike here, Defendant Keller Williams supplied its franchisees with a database of generated leads, required use of its systems and software, and controlled the contents of its franchisees' advertising. And that court's decision pointed to a long list of activities within the state that subjected the Defendant to personal jurisdiction within the state, including relevant licensing agreements and contracts. While Plaintiff's Opposition theorizes that Ms. Lundberg *could* or *may* have used pre-written materials from the InTouch app to draft her texts, (Opp. at 6), that allegation is absent from the FAC and lacks any factual support whatsoever.

Likewise, in *Newell v. Strategic Admin. Grp., Inc*., 2020 WL 12770854 (E.D. Pa. May 6, 2020) (Opp. at 5), unlike here, the defendant was a telemarketer that hired a third-party agency to place calls and gave those third parties authority to enter into contracts on its behalf. LifeWave is not alleged to be a telemarketer outsourcing its telemarketing, nor is it alleged to have instructed Ms. Lundberg to place calls or enter contracts on its behalf.

For all of these reasons, it is perfectly appropriate—and necessary—for the Court to address the sufficiency of Plaintiff's vicarious liability-related allegations at this stage.

### ii.    Plaintiff's vicarious liability allegations are insufficient.

To support the requisite finding of vicarious liability, Plaintiff suggests that his pleadings are sufficient under "any one of the three accepted agency theories," which include "actual authority, apparent authority, and ratification." (Opp. at 18.) But the case to which he cites makes

DEFENDANT LIFEWAVE, INC.'S REPLY TO OPPOSITION TO MOTION TO
DISMISS, STRIKE, AND STAY DISCOVERY

no mention of "apparent authority"; it addresses the concept of "implied actual authority" and only does so in the dissent. *Henderson v. United Student Aid Funds, Inc.*, 918 F.3d 1068, 1082 (9th Cir. 2019), *as amended on denial of reh'g and reh'g en banc* (May 6, 2019) (cited in Opp. at 18). And there, Judge Bybee found no evidence to support that the defendant "reasonably believed that USA Funds approved of their TCPA violations," and therefore found there was *no* "implied actual authority." *Id.* at 1082.

Plaintiff's other cited authority is similarly off base. For example, Plaintiff erroneously states that courts in the Ninth Circuit routinely find a basis for vicarious liability in cases involving multi-level marketing. (Opp. at 18.) But the case he cites in support of this flawed proposition is grossly mischaracterized. To wit, in *Wakefield v. ViSalus, Inc.*, 51 F. 4th 1109, 1114 (9th Cir. 2022), which Plaintiff claims supports his theory, "Wakefield and class members ('Plaintiffs') had signed up with ViSalus to purchase or sell purported weight-loss products. When their interest as customers or promoters waned, ViSalus sought to get their continued participation through targeted robocalls. Wakefield then brought federal statutory claims in response to these calls." *Id*. In other words, the class members who received violative calls *were* the independent brand partners; the brand partners were not making calls *on behalf of* ViSalus. The case does not discuss or implicate vicarious liability at all, primarily concerns the FCC's prior express consent requirement, and is wholly inapposite.

In reality, Plaintiff does not and cannot allege vicarious liability because there are no facts to support that Ms. Lundberg acted with LifeWave's authority or that LifeWave ratified her actions after the fact. As explained in LifeWave's opening brief, an agency relationship is *not* established if an individual "simply agrees to provide services for another, even if the other person—through contract—is able to establish general standards for performance and in that way control the

DEFENDANT LIFEWAVE, INC.'S REPLY TO OPPOSITION TO MOTION TO
DISMISS, STRIKE, AND STAY DISCOVERY

individual. That individual simply may be a contractor performing services for another, and not an agent at all." *Jefferson Cnty. Sheriff's Off.*, 2020 WL 7766987, at *11 (D. Or. Oct. 9, 2020). And ratification requires both material knowledge and a subsequent decision to adopt the agent's conduct. *Henderson v. United Student Aid Funds, Inc.*, 918 F.3d 1068, 1074–76 (9th Cir. 2019). Plaintiff pleads neither, and any claims based on vicarious liability must therefore fail.

## III. Plaintiff Fails to Allege "Solicitations" Under The TCPA.

Plaintiff also does not sufficiently allege that the messages at issue were "telephone solicitations" within the meaning of the TCPA, and his Opposition cannot remedy this failure. Notably, Plaintiff asks this Court to consider new exhibits attached to his Opposition brief to support a plausible allegation of more than one telephone "solicitation." (Opp. at 8.) But as explained above, documents and allegations raised for the first time in opposition to a motion to dismiss may not be considered and must be disregarded. *See Schneider*, 151 F.3d at 1196; *Bojorquez*, 2013 WL 6055258, at *4. And even if those new allegations and documents were considered, Plaintiff cannot plausibly allege that these messages—which are explicitly addressed to "Joe," a member of the LifeWave team—were intended to promote the sale of goods or services to Mr. Weingrad.

Plaintiff cites to *Abboud v. Circle K Stores Inc.*, 731 F. Supp. 3d 1094, 1102 (D. Ariz. 2024) (quoting *Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913, 918 (9th Cir. 2012)), (Opp. at 8) to support a finding of "solicitation." But that case held that a message qualifies as telemarketing only if it is "intended to offer property, goods, or services for sale either during the call, or in the future." *Id.* That does not describe the texts alleged here, which lack the hallmarks of a commercial solicitation. The messages outlined in the FAC do not offer products for sale, request payment, or provide purchasing instructions. This makes sense, considering that this is *clearly a wrong-number*

DEFENDANT LIFEWAVE, INC.'S REPLY TO OPPOSITION TO MOTION TO DISMISS, STRIKE, AND STAY DISCOVERY

*case.* A plain reading of these texts indicates that they were intended for Joe, a member of Ms. Lundberg's independent marketing team, and not an end consumer.[3] Plaintiff's claims should be dismissed on this basis as well.

## IV.    There Is No Private Right of Action Under § 64.1601.

Courts in this Circuit have uniformly held that there is no private right of action available for violations of 47 C.F.R. § 64.1601(e). *See, e.g., Griffin*, 2024 WL 4333373, at *5 ("Seeing no reason to reject the thoughtful analysis of th[e *Worsham* and *Meyer*] courts, this Court holds that Plaintiffs may not pursue a private right of action under 47 U.S.C. § 227(c)(5) for alleged violations of 47 C.F.R. § 1601(e)."); *Meyer v. Cap. All. Grp.*, 2017 WL 5138316, at *16–17 (S.D. Cal. Nov. 6, 2017) ("The Court finds *Worsham* persuasive and—in conjunction with the Supreme Court's general guidance—finds section 64.1601(e) does not create a private right of action."); *Barton v. Bright Solar Mktg. LLC*, 3:25-CV-05310-DGE, 2025 WL 2880136, at *6 (W.D. Wash. Oct. 9, 2025) (finding "no controlling authority" on the issue). Despite the novel arguments in Plaintiff's Opposition, this Court should do the same.

Plaintiff asks the Court to dismiss this clear and well-established precedent by incorrectly claiming this Court's precedent in *Griffin* "simply rested on persuasive authority from other courts which themselves relied on faulty and underdeveloped reasoning" and failed to "tussl[e] with the statute and analyz[e] it." (Opp. at 16.) But Plaintiff mischaracterizes this Court's ruling and the current state of the law. In *Griffin*, this Court credited the "thoughtful analysis" of the majority approach applied in *Meyer* and *Worsham v. Travel Options, Inc.,* 2016 WL 4592373 (D. Md. 2016)

---

[3] For example, Mr. Weingrad alleges he received texts addressed to an individual named "Joe" to "A Very Special Event . . . for our team only" and invites "Joe" to register for a Zoom webinar "for our team only." (FAC ¶ 36.)

DEFENDANT LIFEWAVE, INC.'S REPLY TO OPPOSITION TO MOTION TO
DISMISS, STRIKE, AND STAY DISCOVERY

to "decline[] the invitation to infer a private right of action where section 64.1601(e) is silent on the matter." *Meyer*, 2017 WL 5138316, at *17. Plaintiff fails to recognize that *Meyer* "relied on United States Supreme Court's principles of statutory construction [to] decline[] to create a private right of action where none was expressly created." *Id.* at *16-17.

Contrary to Plaintiff's assertion, one of the first courts to thoughtfully examine *Worsham* "combed through the FCC rules and comments" to reach the ultimate conclusion that "the FCC's rule in § 64.1601(e) appears to *support* consumers' enforcement efforts under the TCPA's subsection c, rather than to *create* a separate mechanism upon which a consumer can make an actionable claim." *Griffin*, 2024 WL 4333373, at *5 (quoting *Worsham*, 2016 WL 4592373, at *4–5) (emphasis in original). To reach this conclusion, the court weighed "whether a violation of § 64.1601(e) falls within the private right of action granted by subsection *b* or subsection *c*." *Worsham*, 2016 WL 4592373, at *4. "It seems just as likely that the FCC may have only intended to ensure consistency between its preexisting Caller ID regulations and its revised TCPA regulations and/or the FCC's regulations pertaining to telemarketing when the FCC promulgated § 64.1601(e); those efforts all occurred at the same time, in 2003." *Id.*

This observation is crucial to highlight the absurdity of Plaintiff's claim. The FCC's Caller ID regulation was never intended to operate as a standalone violation—and it may have exceeded the FCC's scope altogether to imply otherwise, seeing as subsection (c) to the TCPA was added after the FCC's caller ID regulation was promulgated. *See id.* Regardless, these courts have correctly weighed the legislative intent and tools of statutory construction to reach the majority position, which is that no private right of action exists under § 64.1601(e).

Although Plaintiff cites two outlier decisions (both of which are currently pending and have not reached a final decision) in the federal courts of Michigan and Pennsylvania, the view

DEFENDANT LIFEWAVE, INC.'S REPLY TO OPPOSITION TO MOTION TO DISMISS, STRIKE, AND STAY DISCOVERY

expressed in those pending cases remains a minority position. Plaintiff fails to meaningfully oppose or undermine the logic underlying this Court's precedent in *Griffin*, and to date, no court within this Circuit has adopted this interpretation. Plaintiff's claim must therefore be dismissed, and the class allegations related to this claim stricken as impertinent.

## V.     Plaintiff's Failure to Allege He Registered His Phone Number on the DNC Registry is Fatal to That Claim.

Plaintiff's claim for violation of the Do Not Call provisions of the TCPA also fails on the separate basis that he does not allege that he personally registered his telephone number on the National Do Not Call ("DNC") Registry. Plaintiff tries to sidestep this failure by arguing that the identity of the registrant "cannot be proved." (Opp. at 7-8.) But Plaintiff himself knows and can attest to the answer to this question, and courts have consistently dismissed TCPA claims for this very reason. *See, e.g., Rombough v. Robert D. Smith Ins. Agency, Inc.,* 2022 WL 2713278, at *4 (N.D. Iowa June 9, 2022) (finding that plaintiff must have registered on the DNC to state a DNC violation); *Rogers v. Assurance IQ, LLC*, 2023 WL 2646468, at *4 (W.D. Wash. Mar. 27, 2023) (dismissing claim where plaintiff failed to allege they personally registered).

Plaintiff's reliance on *Mason v. Spring EQ LLC*, 2024 WL 5424385 (C.D. Cal. Nov. 27, 2024) (Opp. at 7), and *Abrahamian v. loanDepot.com LLC*, 2024 WL 1092442 (D. Ariz. Mar. 13, 2024) (Opp. at 8) on this point is unavailing because neither of those cases addressed the requirement that a plaintiff must register their number on the DNC registry in order to state a claim. Because Plaintiff has not alleged personal registration, his DNC claim must be dismissed.

## VI.     Plaintiff Cannot Make the Requisite Allegation to Support Treble Damages.

Plaintiff's allegations also fall well short of plausibly alleging "knowing" or "willful" violations of the TCPA, and his Opposition does not remedy this deficiency. *See* 47 U.S.C. § 227(c)(5). Plaintiff vaguely claims that LifeWave "knew or should have known" that his number

was on the National DNC Registry because (1) it had been registered for over a year, (2) he never

consented to be contacted, and (3) LifeWave failed to implement Do-Not-Call scrubbing measures

in its app. (Opp. at 26-27.) But this argument is conclusory, speculative, and does not claim that

LifeWave had actual knowledge of Plaintiff's number, let alone that it knowingly or willfully

authorized unlawful messages.

*Keifer v. HOSOPO Corp.*, 2018 WL 5295011 (S.D. Cal. Oct. 25, 2018) (Opp. at 26-27) is

inapplicable here. That case is predicated on an allegation that HOSOPO alleges that the defendant

"owned the telephone number from which Plaintiff was contacted." *Id.* at 4. Here, Plaintiff does

not allege that LifeWave sent the texts at issue or owned the telephone number from which they

were sent. (FAC ¶ 4 (alleging Plaintiff does not "know in whose name the 503-379-9719 number

is actually, legally registered.")). It therefore defies logic to claim that LifeWave should have

known that Mr. Weingrad's number was on the DNC registry; LifeWave had no knowledge of Mr.

Weingrad's *existence*—much less the status of his cell phone number—until this action was filed.

The law does not require omniscience, and Plaintiff falls far short of meeting the burden to

demonstrate willful or knowing violations. His treble damages must therefore be dismissed.

## VII.    Discovery Should Be Stayed Until This Motion Is Decided.

Finally, Plaintiff's Opposition fails to rebut the core principle that courts routinely stay

discovery pending resolution of a potentially dispositive motion to dismiss. Courts in the Ninth

Circuit have repeatedly recognized that where a dispositive motion raises purely legal issues,

staying discovery promotes the goals of Federal Rule of Civil Procedure 1—namely, the just,

speedy, and inexpensive resolution of litigation. *See Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597,

603 (D. Nev. 2011) (noting that "discovery should be stayed while a dispositive motion is pending

only when there are no factual issues in need of further immediate exploration, and the issues

DEFENDANT LIFEWAVE, INC.'S REPLY TO OPPOSITION TO MOTION TO
DISMISS, STRIKE, AND STAY DISCOVERY

before the Court are purely questions of law that are potentially dispositive") (quoting *Hachette Distrib., Inc. v. Hudson Cnty. News Co.*, 136 F.R.D. 356, 356 (E.D.N.Y. 1991)).

That is particularly true where, as here, the Court may find that it lacks personal jurisdiction over LifeWave and/or the motion to dismiss may dispose of all claims in the case and obviate the need for burdensome and costly discovery altogether. Indeed, one of the key benefits of Rule 12(b)(6) motions is that they allow defendants to test the legal sufficiency of a complaint before incurring the burden of discovery. *See Tradebay*, 278 F.R.D. at 602. For these reasons, a temporary stay of discovery is warranted and would conserve party and judicial resources while avoiding unnecessary expense.

## CONCLUSION

Plaintiff's Opposition remedies neither the fundamental defects in his personal jurisdiction allegations nor the deficiencies in each of his claims. Accordingly, and for all of the reasons stated herein and in its opening brief, Defendant LifeWave respectfully requests that the Court dismiss the FAC in its entirety, or, alternatively, strike Paragraphs 14-16, 33-35, 100, and 103-108, the Caller ID Class portion of Paragraph 82, Paragraph A of the Prayer for Relief seeking injunctive relief related to the Caller ID claim, and the treble damages demand portion of Paragraph B of the Prayer for Relief demanding treble damages.

DEFENDANT LIFEWAVE, INC.'S REPLY TO OPPOSITION TO MOTION TO
DISMISS, STRIKE, AND STAY DISCOVERY

Dated: November 12, 2025                    Respectfully submitted,


                                            /s/ Jennifer M. Oliver
                                            _____

                                            Minney Thind (OR Bar No. 332628)
                                            Jennifer M. Oliver (pro hac vice)
                                            BUCHANAN INGERSOLL & ROONEY LLP
                                            600 W. Broadway Suite 1100
                                            San Diego, CA 92101
                                            Telephone: (619) 685-1990
                                            minney.thind@bipc.com
                                            jennifer.oliver@bipc.com

                                            **Counsel for Defendant LifeWave, Inc.**

DEFENDANT LIFEWAVE, INC.'S REPLY TO OPPOSITION TO MOTION TO
DISMISS, STRIKE, AND STAY DISCOVERY

### RESPONSE TO COUNTER LOCAL RULE 7-1 STATEMENT

Plaintiff's Counter Local Rule 7-1 statement states that Defendant failed to meet and confer on the issues raised in its motion. But as Plaintiff implicitly acknowledged the Parties *did* meet and confer on Defendant's Motion to Dismiss the original Complaint and were unable to resolve the issues raised therein. Defendant's Motion to Dismiss the FAC raises the same issues and seeks the same relief as that original motion; the key difference between the original Complaint and FAC is the addition of Defendant Renate Lundberg. Accordingly, an additional meet and confer would be futile, and there is no prejudice to Plaintiff or issue that would have been resolved if a duplicative meet and confer had taken place. However, as Defendant indicated to Plaintiff when this issue was raised following its opening brief, it would not oppose further amendment to the Complaint to remedy the omitted exhibits to the FAC.

### CERTIFICATE OF COMPLIANCE

This brief complies with the applicable word-count limitation under LR 7-2(b) because it contains 4,558 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

BUCHANAN INGERSOLL & ROONEY LLP

By: */s/ Jennifer M. Oliver*
      Jennifer M. Oliver

*Attorney for LifeWave, Inc.*

DEFENDANT LIFEWAVE, INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS, STRIKE, AND STAY DISCOVERY

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 12, 2025, I electronically filed with the Clerk of the U.S.

District Court, District of Oregon, the foregoing document by using the CM/ECF system, which

will send notification of such filing(s) to all attorneys of record.

BUCHANAN INGERSOLL & ROONEY LLP

By: */s/ Jennifer M. Oliver*
　　　Jennifer M. Oliver

*Attorney for LifeWave, Inc.*

DEFENDANT LIFEWAVE, INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO
DISMISS, STRIKE, AND STAY DISCOVERY