Jeffrey G. Bradford, OSB No. 133080
Tonkon Torp LLP
1300 SW Fifth Ave., Suite 2400
Portland, OR 97201
Direct: 503.802.5724
Facsimile: 503.274.8779
Email: jeff.bradford@tonkon.com

Michael J. Gleason (SBN 279434) (*pro hac vice*)
Hahn Loeser & Parks LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Telephone: 619.810.4300
Facsimile: 619.810.4301
Email: mgleason@hahnlaw.com

*Attorneys for Defendant Renate Lundberg*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### (PORTLAND DIVISION)

| | |
|---|---|
| LEON WEINGRAD, individually and on behalf of a class of all persons and entities similarly situated,<br><br>   Plaintiff,<br><br> vs.<br>LIFEWAVE, INC. and RENATE LUNDBERG,<br><br>   Defendants. | Case No. 3:25-cv-00752-AN<br><br>**DEFENDANT RENATE LUNDBERG'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT, STRIKE CLASS ALLEGATIONS, AND STAY DISCOVERY**<br><br>REQUEST FOR ORAL ARGUMENT |

## LR 7-1 CERTIFICATION

In compliance with Local Rule 7-1(a)(1), counsel for defendant Renate Lundberg certifies that they have made a good faith effort through personal or telephone conference with

Plaintiff's counsel to resolve the disputed issues asserted in the Motion. The parties' counsel were unable to resolve the issues addressed in this motion.

## MOTION

Defendant Renate Lundberg ("Defendant") moves to dismiss Plaintiff Leon Weingrad ("Plaintiff")'s First Amended Class Action Complaint ("FAC"). Defendant respectfully asks this Court to dismiss the First Cause of Action for Violation of the Telephone Consumer Protection Act (47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c)), the Second Cause of Action for Violations of the TCPA, 47 U.S.C. § 227, and Plaintiff's request for treble damages against her based on Plaintiff's failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

Alternatively, if the FAC is not dismissed in its entirety, Defendant respectfully asks this Court to strike allegations related to the Telemarketing Caller ID Class pursuant to Fed. R. Civ. P. 12(f) and (4), stay discovery pending resolution of this Motion to Dismiss the First Amended Class Action Complaint, Strike Class Allegations, and Stay Discovery ("Motion") because the case may be dismissed entirely or modified as a result of this Motion.

The Motion is supported by the following Memorandum.

## MEMORANDUM OF LAW

**I.     INTRODUCTION**

Plaintiff seeks to impose individual liability under the Telephone Consumer Protection Act ("TCPA") on Defendant Renate Lundberg, a LifeWave brand partner, based on text messages that were non-commercial and not intended for Plaintiff and, instead, intended for the prior holder of the telephone number. Each text message alleged in the FAC begins, "Hi Joe." (FAC ¶¶ 36-37.) Plaintiff admits that he is not Joe. (FAC ¶ 71.) Rather than informing Lundberg of the wrong number, however, Plaintiff (a repeat TCPA litigant)[1] thanked her and proceeded to

---

[1] *See, e.g., Weingrad v. Slingshot Enterprises Inc.*, No. 2:24-CV-03736 (E.D.N.Y. March 7, 2025) (dismissed); *Weingrad v. Franchise Creator*, LLC, No. 1:25-cv-22746 (S.D. Fla. June 17, 2025) (complaint recently filed); *Weingrad v. Yelp Inc.*, No. 1:24-CV-01330 (M.D. Pa. Oct. 9, 2024) (voluntarily dismissed); *Weingrad v. DH & RK Investments, LLC*, No. 2:24-CV-05981 (C.D. Cal. Oct. 17, 2024) (voluntarily dismissed); *Weingrad v. Top Healthcare Options Ins.*

file this lawsuit. Additionally, none of the allegedly offending messages encouraged purchase or sale of goods or services; instead, they reference internal LifeWave team events, webinars, and group updates. (FAC ¶¶ 36-37.)

Even setting aside the content of the messages, Plaintiff admits that he does not know who initiated the texts, how LifeWave's messaging platform works, or who owns the phone number used. (FAC ¶¶ 41-42.) Such admissions are fatal to a TCPA claim requiring a defendant to have initiated at least two telephone solicitations directed to the plaintiff. 47 U.S.C. § 227(c)(5).

Based on these allegations, Plaintiff cannot state a claim for violation of the Do-Not-Call provision of the TCPA, 47 U.S.C. §227(c)(5), which requires a telephone solicitation, meaning a message sent "for the purpose of encouraging the purchase" of goods or services. 47 C.F.R. § 64.1200(f)(15). Messages intended for someone named Joe that promote internal webinars do not remotely qualify.

Plaintiff also fails to state a claim under the second cause of action for violation of the caller identification provisions of the TCPA because 47 C.F.R. §64.1601(e) does not provide a private right of action. Defendant respectfully requests that this Court dismiss the claims against her based on Fed. R. Civ. P. 12(b)(6).

Plaintiff also fails to state a claim for treble damages available under the TCPA for willful and knowing violations because he fails to allege willful or knowing conduct on the part of Plaintiff. This requested relief should be dismissed as to Defendant based on Fed. R. Civ. P. 12(b)(6).

If this Court does not dismiss all claims against Defendant, it should strike the class allegations related to the Caller ID class as legally invalid pursuant to Fed. R. Civ. P 12(f).

---

*Agency Co.*, No. 2:23-CV-5114, 2024 WL 4228149 (E.D. Pa. Sept. 17, 2024) (dismissing TCPA and state law claims because "one answered call does not make a federal case"); *Weingrad v. Quotelab LLC*, No. 2:23-CV-05007 (E.D. Pa. May 7, 2024) (voluntarily dismissed); *Weingrad v. RFR Capital,* No. 2:24-CV-02636 (E.D. Pa. Jan. 6, 2025) (voluntarily dismissed).

Discovery should likewise be stayed pending resolution of this Motion because it may affect the scope of this case or dispose of it.

## II.     ALLEGATIONS

Plaintiff alleges that co-defendant LifeWave, Inc. is a Georgia corporation that sells "technology [that] elevates the flow of your body's innate energy, fostering overall wellness and an active lifestyle." (FAC ¶ 5.) LifeWave is alleged to operate a multi-level-marketing scheme through independent contractors, referred to as brand partners. (FAC ¶27.)

Defendant Lundberg is an alleged LifeWave "brand partner." (FAC ¶¶6, 29.) Plaintiff alleges that LifeWave provides brand partners with marketing materials through a platform called "Boards" through which LifeWave trains brand partners on compliance and marketing strategies. (*Id.* ¶30.) He also alleges that LifeWave owns and operates a text message marketing system called "In Touch" that allows brand partners, like Defendant, to send text messages. (FAC ¶31.)

Plaintiff alleges that he has a non-commercial residential cellular telephone number that received at least 7 text messages from the number 503-379-9719 between July 13, 2024, and the present. (FAC ¶¶ 18, 22, 23, 26.) He makes contradictory allegations regarding the sender of the text messages. He admits that he does not know the identity of the registered owner of the 503-379-9719 phone number. (*Id.* ¶41.) Despite lacking certainty, Plaintiff also alleges that Defendant Lundberg is the sender of the messages at issue. (*Id.* ¶¶40, 65,66.)

Plaintiff quotes two text messages in the FAC.[2] The first message dated July 13, 2024, begins with "Hi Joe" and discusses an internal team webinar. (FAC ¶36.) It does not encourage the purchase or sale of any goods or services. (*Id.*) The second message dated April 26, 2026, also begins with "Hi Joe" and thanks "Joe" for "being part of our LifeWave family." (FAC ¶37.) It invites "Joe" to "sign in to [his] LifeWave back office" to access a promotion. (*Id.*)

---

[2] The FAC references an exhibit containing an outline of all text messages received, however, the Exhibit was not attached or filed with the FAC. *See generally* ECF No. 20.

Plaintiff alleges that the text messages were unwanted and that he had no prior dealings with LifeWave and Defendant Lundberg. (FAC ¶¶ 69-73, 75-77.) This is not surprising being that a plausible reading of the text messages is that they were intended for a recipient named "Joe," not Plaintiff. Nonetheless, Plaintiff seeks to serve as a class representative for two classes:

- **National DNC Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call or text message from or on behalf of Defendants encouraging the purchase of LifeWave's goods or services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

- **Telemarketing Caller ID Class**: All persons within the United States to whom (1) Defendants (or a third-party acting on behalf of Defendants) sent (2) two or more telemarketing calls or text messages in a 12-month period, (3) without the transmission of caller identification information that included either CPN or ANI and the Defendant's or telemarketer's name, (4) within the four years prior to the filing of the Complaint.

(FAC ¶82.) Plaintiff also seeks treble damages for allegedly willful or knowing statutory violations. (FAC ¶¶100, 106, 108, and the treble damages portion of Paragraph B of the Prayer.)

### III.     ARGUMENT

#### A.     Applicable Legal Standards

On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-338 (9th Cir. 1996). However, a court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678. Absent facial plausibility, a plaintiff's claims must be dismissed. *Twombly*, 550 U.S. at 570. In addition, a court may consider documents incorporated into the complaint by reference and matters properly subject to judicial notice. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010); *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1051 (9th Cir. 2014).

Irrelevant and impertinent allegations may be stricken pursuant to Fed. R. Civ. P 12(f). A district court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Class allegations are properly stricken at the pleading state. *See e.g., Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 212 (9th Cir. 1975) (affirming dismissal of class allegations); *Ott v. Mortg. Invs. Corp. of Ohio, Inc.*, 65 F. Supp. 3d 1046 (D. Or. 2014) (class allegations can be stricken at the pleading stage); *Pepka v. Kohl's Dep't. Stores, Inc.*, 2016 WL 8919460, at *4 (C.D. Cal. Dec. 21, 2016) (striking class allegations in a TCPA case which "necessarily involve[d] individualized inquiries" and concluding that "discovery would not cure this defect").

### B. The First Cause of Action Should Be Dismissed Because the FAC Does Not Allege Actionable Solicitation Under 47 U.S.C. § 227(c)(5)

To state a claim under the TCPA's Do-Not-Call Provision, a plaintiff must have registered his telephone number on the national do-not-call registry and must allege that the Defendant initiated at least two "telephone solicitations" within a twelve-month period. 47 C.F.R. §65.1200(c), 47 U.S.C. §227(c)(5). An actionable "telephone solicitation" is defined as a call or message made "for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 C.F.R. §64.1200(f)(15).

Plaintiff does not plead the required elements. First, he does not allege that he personally registered the telephone number on the national do-not-call list. Instead, he asserts that the number has been on the list for over a year prior to receiving the text messages at issue. (FAC ¶19.) *See* 47 C.F.R. §64.1200(c) (prohibiting solicitation calls to "a residential telephone subscriber *who has registered* his or her telephone number." (emphasis added.))

Second, communications that are informational like the text messages cited in the FAC do not qualify as telephone solicitations. "The purpose of a text or call shall determine whether it qualifies as a telephone solicitation, and courts use 'a measure of common sense' to determine its purpose." *Abboud v. Circle K Stores Inc.*, 731 F. Supp. 3d 1094, 1102 (D. Ariz 2024) (quoting *Chesbro v. Best Buy Stores, L.P.*, 705 F. 3d 913, 918 (9th Cir. 2012.)) The Ninth Circuit advises

courts to look to the purpose of the message rather than a party's characterization. *Chesbro*, 705 F. 3d at 919. And, if the purpose is not to offer property, goods, or services for sale . . . then it is not a solicitation. 47 C.F.R. §64.1200(f)(15).

Simply put, context matters. Courts in this Circuit have drawn a distinction between the opportunity to sell goods and the direct selling or advertising of goods to purchase. For example, in *Reardon v. Uber Techs., Inc.* 115 F. Supp.3d 1090, 1096 (N.D. Cal. 2015), a district court in California addressed whether automated text messages sent by Uber to recruit drivers could support a TCPA claim. The court recognized that not every message referencing a business activity or opportunity is solicitation aimed at encouraging the purchase of goods. *Id.* at 1097. Specifically, Uber's text messages about job opportunities were designed to recruit drivers so that the drivers could provide services to riders and did not constitute solicitation under the TCPA. *Id.* at 1095-1097. *See also Friedman v. Torchmark Corp.*, No. 12–CV02837–IEG (BGS), 2013 WL 1629084, at *4 (S.D.Cal. Apr. 16, 2013) (message encouraging recipient to attend a webinar to learn about products and services so that recipient could sell those products and services was not solicitation but more akin to an offer of employment.)

The text messages allegedly sent by Defendant in this case are more akin to the informational and recruitment messages that have not qualified as telephone solicitation. The July 2024 text message does not even reference the sale of a product and instead invited a member of Defendant's marketing team "Joe", to attend a webinar for "our team only!" (FAC ¶36.) The April 2025 message thanks "Joe" for "being a part of our LifeWave family" and provides information about a promotion accessible through the "LifeWave back office." (FAC ¶37.) These are not direct solicitations encouraging the purchase of goods or services and cannot form the basis of a TCPA claim based on violations of 47 U.S.C. §227(c)(5) and 47 C.F.R. §64.1200(c). *See, e.g.*, *Weingrad v. Top Healthcare Options Ins. Agency Co.*, No. CV 23-5114, 2024 WL 4228149, at *4 (E.D. Pa. Sept. 17, 2024) (noting that "[c]all recipients must do more than allege the calls in question were telephone solicitations" and dismissing Plaintiff

Weingrad's TCPA claim because he "failed to allege sufficient facts regarding the content of the calls from which the Court could infer . . . the purpose of the calls").

Plaintiff does not plead two or more telephone solicitations in a twelve-month period. This Court should dismiss the first cause of action for violations of 47 U.S.C. §227(c)(5) and 47 C.F.R. §64.1200(c).

### C.     The Second Cause of Action Should Be Dismissed

#### 1.     Dismissal Warranted Because There is No Private Right of Action under 47 C.F.R. §64.1601(e)

Plaintiff's second cause of action is premised on an alleged violation of the FCC's Caller I.D. regulation, 47 C.F.R. §65.1601(e). The Ninth Circuit and most Federal Courts have consistently held that the TCPA does not create a private right of action for violation of this regulation, which is enforceable only by the FCC and state attorneys general. *See Worsham v. Travel Options, Inc.,* No. JKB-14-2749, 2016 WL 4592373, at * 4, 7 (D. Md. Sept. 2, 2016), aff'd, 678 F. App'x 165 (4th Cir. 2017); *Meyer v. Capital Alliance Grp,* No. 15-CV-24-5-WVG, 2017 WL 5138316 at *15-17 (S.D. Cal. Nov. 6, 2017).

Most recently, in *Griffin v. Am.-Amicable Life Ins. Co. of Texas*, No. 6:24-CV-00243-MC, 2024 WL 4333373, at *5 (D. Or. Sept. 27, 2024), this district dismissed a TCPA claim based on alleged Caller I.D. violations because there is no private right of action. *Id.* The court explained that while the TCPA authorizes private enforcement of certain statutory provisions, it does not authorize private plaintiffs to sue for violations of FCC regulations governing Caller ID transmission. *Id*. at *5. Such a claim fails as a matter of law because Congress did not expressly create a private remedy for this regulatory violation.

The same reasoning applies here. There is no private right of action for violation of the Caller ID provisions of the TCPA. *Id*. Plaintiff's second cause of action must be dismissed with prejudice.

**2.     Dismissal is Warranted for Failure to State a Claim**

Even if there was a private right of action, this claim would still fail for two reasons. First, the text messages do not fit the statutory telemarking definition. §64.1601 caller identification requirements apply to persons engaging in telemarketing as defined in §45.1200(f), which "means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200(f)(13). As discussed above in Argument Section III (b), the text messages at issue are more properly characterized as informational text sent to marketing team members rather than solicitation messages.

Second, the FAC does not allege facts showing a violation of the FCC's Caller ID requirements set out in 47 C.F.R. §64.1601. This section requires the transmission of caller identification information from the calling party. 47 C.F.R. §64.1601(a). If the calling party is engaged in telemarking, caller identification must include either the calling party number or "CPN" or automatic number identification "ANI," and the name of the telemarketer "when available." 47 C.F.R. §64.1601(e). Telemarketers are prohibited from blocking the transmission of caller identification information. *Id.* at subpart 3.

The FAC does not allege that caller ID information was omitted, blocked, or withheld from transmission. Instead, Plaintiff alleges that he received text messages from a specific identifiable phone number and seeks discovery to identify the owner of the number. (FAC ¶¶33, 41.) Plaintiff also alleges the messages were attributed to defendant Renate Lundberg. (FAC ¶¶36, 37) (messages concluded with, "Warmly, Renate Lundberg Senior Presidential Director LifeWave Advisory Council Member USA/Canada/Mexico.") *See also* FAC ¶ 65 ("Lundberg personally directed the TCPA-violative conduct at issue because her name was in the messages.")

These allegations do not plausibly state a violation of 47 C.F.R. §1601(e) – even if a private enforcement right existed, and thus, fail under Fed. R. Civ. Proc. 12(b)(6).

### D.      Plaintiff's Claims for Treble Damages Should Be Dismissed

The TCPA vests district courts with discretion to award treble damages for willful or knowing violations of the statute or its regulations. 47 U.S.C. § 227(b)(3), (c)(5). Plaintiff makes a bare conclusory allegation that "Defendants' violations were "negligent, willful, or knowing" in both causes of action. (FAC ¶¶ 99, 106.) He seeks recovery of "up to $1,500 in damages if the calls are found to be willful." (FAC ¶¶ 100, 107.) These conclusory and conditional allegations do not state a claim for treble damages under the TCPA and this claim for relief should be dismissed. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974-75 (9th Cir. 2010) (requested relief unsupported by law or pleadings may be challenged through a motion to dismiss under Fed. R. Civ. P. 12 (b)(6).)

For example, allegations seeking treble damages "to the extent [defendant's] misconduct [was] determined to be willful and knowing" were deemed insufficient and dismissed under Fed. R. Civ. P. 12 (b)(6) in a recent Washington district court decision. *Blair v. Assurance IQ LLC, No. C23-0016-KKE, 2023 WL 6622415, at *4 (W.D. Wash. Oct. 11, 2023)*. Even greater grounds for dismissal exist here because not only are Plaintiff's allegations conclusory and conditional; they are also contradicted by the express allegations of the FAC. Plaintiff alleges that each message began with a greeting to "Joe." The only plausible interpretation of these text messages is that Plaintiff was the unintended recipient of messages intended for someone else.

Accidental transmission does not equate to knowing or willful conduct. As explained in *Wakefield v. ViSalus, Inc.*, No. 3:15-CV-1857-SI, 2019 WL 2578082, at *1 (D. Or. June 24, 2019), "willfully" or "knowingly" in TCPA claims require that an unlawful act be done intentionally or volitionally as opposed to inadvertently. There, the district court examined the treble damages provision in same TCPA statute addressing automatic dialers, 47 U.S.C. §227(b). It clarified that for willfulness, Plaintiff must show that Defendant knew that it was engaging in the conduct that gave rise to liability: "This means that Defendant must have known the following: (1) that it was placing telemarketing calls; (2) to a mobile (or cellular) telephone number or to a residential telephone landline; (3) the call used an artificial or prerecorded voice,

and (4) the person being called had not given prior express written consent." For the calls to have been deliberate violations, Plaintiff needed to demonstrate that [Defendant] should have known that [it was] calling a person who did not provide prior express consent." *Id.* at *2 (citing N.L. by *Lemos v. Credit One Bank, N.A.*, 2019 WL 1428122, at *1 (E.D. Cal. Mar. 29, 2019)); see *Lary v. Trinity Physician Fin. & Ins. Servs.*, 780 F.3d 1101, 1106-07 (11th Cir. 2015) (finding plaintiff failed to establish a willful or knowing violation of the TCPA because he did not prove that the defendants sent the advertisement knowing it was unsolicited).

Under subpart (c), treble damages would only be available where the defendant knowingly made two or more calls within a twelve-month period in violation of 47 C.F.R. §1200(c), i.e., engaging in telephone solicitation to a residential subscriber who has registered on the do not call registry. 47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c). Here, Plaintiff fails to plead two or more solicitation text messages and does not plead facts showing that Defendant Lundberg knowingly sent solicitation texts to Plaintiff, a subscriber on the do-not-call registry. Plaintiff's claims for treble damages in paragraphs 99-100, 106-107, and in part B of the Prayer for relief should be dismissed with prejudice.

E.     **Allegations Related to the Telemarketer ID Class Should be Stricken**

"The essential function of a Rule 12(f) motion is to 'avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to the trial.'" *Baton v. Ledger SAS*, 740 F. Supp. 3d 847, 872 (N.D. Cal. 2024) (*quoting Wang v. OCZ Tech. Grp., Inc.*, 276 F.R.D. 618, 624 (N.D. Cal. Oct. 14, 2011); *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). Class allegations may be stricken at the pleading stage. *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 212 (9th Cir. 1975); *see also Sanders v. Apple, Inc.*, 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009) (noting that "[s]ometimes the issues are plain enough from the pleadings to determine whether the interests of absent parties are fairly encompassed within the named plaintiff's claim").

As discussed in Argument Section III (b), the second cause of action related to Caller ID provisions of the TCPA cannot survive because there is no private right of action. It follows that

the Telemarketing Caller ID class allegations (FAC ¶82) must be stricken as immaterial and impertinent. Fed. R. Civ. P. 12(f). Specifically, paragraphs 14-16, 33-35, and 103-108 of the FAC should be stricken because they are related to the unenforceable Caller ID cause of action.

Likewise, Plaintiff's request for injunctive relief prohibiting LifeWave from "calling telephone numbers advertising their goods and services . . . without the transmission of Caller ID Name in the future," should be stricken because there is no privately enforceable cause of action and therefore, Plaintiff lacks standing to assert this claim. (FAC, Prayer for Relief, ¶A.)

   **F.**  **Discovery Should be Stayed While this Motion is Pending**

This Court has the discretion to stay or limit discovery while this motion is pending because it presents a credible challenge to the legal and factual basis of the FAC. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) (recognizing that a stay of discovery "furthers the goal of efficiency" in instances where threshold legal issues need to be resolved); *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729 (9th Cir. 1987) (holding "if the allegations of the Amended Complaint fail to establish the requisite elements of the cause of action, our requiring costly and time-consuming discovery and trial work would represent an abdication of our judicial responsibility." (*quoting Havoco of America, Ltd. v. Shell Oil Co.*, 626 F.2d 549, 553 (7th Cir. 1980)). This Court's power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).

Staying discovery is appropriate here because there is a "'reasonable possibility' that the pending Motion[] to Dismiss, if granted, would affect the content of plaintiff's [] complaint, if any, and subsequent scope of discovery." *Ireland v. Bend Neurological Assocs. LLC*, No. 6:16-CV-02054-JR, 2017 WL 11571782, at *2 (D. Or. May 8, 2017). This Motion may dispose of all or some of the claims asserted against Defendant. Accordingly, Defendant requests that the Court stay discovery until this Motion is decided.

## IV. CONCLUSION

Based on the foregoing, Defendant respectfully asks this Court to grant the relief requested in this Motion.

DATED: December 19, 2025

TONKON TORP LLP

By: */s/ Jeffrey G. Braford*
Jeffrey G. Bradford, OSB No. 133080
  Direct: 503.802.5724
  Email: jeff.bradford@tonkon.com

HAHN LOESER & PARKS LLP

Michael J. Gleason (SBN 279434) (*pro hac vice*)
  Telephone: 619.810.4300
  Email: mgleason@hahnlaw.com

*Attorneys for Defendant Renate Lundberg*

045951\00001\19107021v3