Jeffrey G. Bradford, OSB No. 133080
Tonkon Torp LLP
1300 SW Fifth Ave., Suite 2400
Portland, OR 97201
Direct: 503.802.5724
Facsimile: 503.274.8779
Email: jeff.bradford@tonkon.com

Michael J. Gleason, *admitted pro hac vice*
Hahn Loeser & Parks LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Telephone: 619.810.4300
Facsimile: 619.810.4301
mgleason@hahnlaw.com

Attorneys for Defendant, Renate Lundberg

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| LEON WEINGRAD, individually and on behalf of a class of all persons and entities similarly situated,<br><br>   Plaintiff,<br><br> vs.<br><br>LIFEWAVE, INC.; and RENATE LUNDBERG,<br><br>   Defendants. | Case No. 3:25-cv-00752-AN<br><br>**DEFENDANT, RENATE LUNDBERG'S RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF HIS RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br>REQUEST FOR ORAL ARGUMENT |

Defendant Renate Lundberg ("Defendant") respectfully submits this brief response to address the significance of *Weingrad v. DaBella Exteriors, LLC,* No. 3:25-CV-396-SI, 2026 WL 496609 (D. Or. Feb. 23, 2026), cited in Plaintiff Leon Weingrad's ("Plaintiff") Notice of Supplemental Authority. (Dkt. No. 32.) *DaBella* concluded that a private right of action exists to enforce the telemarketer caller-ID rule, 47 C.F.R. §64.1601(e), however, it does not alter the statutory analysis before this Court. Nor does it alter the more faithful statutory interpretation of the Telephone Consumer Protection Act ("TCPA") adopted in *Griffin v. American-Amicable Life Ins. Co. of Tex.*, 2024 WL 4333373, at *4 (D. Or. Sept. 27, 2024).

The TCPA authorizes private suits only for violations of "regulations prescribed under" 47 U.S.C. §227(c). 47 U.S.C. §227(c)(5). Private rights of action must be created by Congress and cannot be inferred from agency regulations. *Alexander v. Sandoval*, 532 U.S. 275, 276, 121 S. Ct. 1511, 1514, 149 L. Ed. 2d 517 (2001). The *DaBella* court correctly framed the inquiry as whether §64.1601(e) was promulgated pursuant to §227(c). It concluded that the caller-ID rule must have been promulgated under §227(c) because other TCPA subsections have narrower grants of authority. *DaBella*, 2026 WL 496609, at *5.

The *DeBella* court's reasoning did not address the Federal Communications Commission's ("FCC") independent authority under the Communications Act, including 47 U.S.C. §§ 151, 154(i), 201, and 303(r) to regulate telecommunications practices like caller identification. As pertinent here, the FCC specifically invoked those broader statutory provisions along with §227 when amending the pre-existing caller-ID regulation to add §64.1601(e) in 2003. It did not specify §227(c). *See* Rules and Regulations Implementing the Telephone Consumer Protection Act (TCPA) of 1991, 68 FR 44144-01, at ¶ 198. *See also* C.F.R. § T. 47, Ch. I, Subch. B, Pt. 64, Refs & Annos (identifying the following sources of authority for regulations enacted under Part 64: 47 U.S.C. 151, 152, 154, 201, 202, 217, 218, 220, 222, 225, 226, 227, 227b, 228, 251(a), 251(e), 254(k), 255, 262, 276, 403(b)(2)(B), (c), 616, 620, 716, 1401–1473) Because rulemaking invoked these broader statutory sources of authority, it is plausible that §64.1601(e) was promulgated under the FCC's general authority rather than §227(c). Under *Sandoval*, courts may not expand a

statutory cause of action based on speculation about the statutory authority underlying an agency rule.

Similarly, *DaBella* did not consider the regulatory history of 47 C.F.R. §64.1601, which predates the 2003 TCPA rulemaking and was adopted as part of the FCC's regulation of caller-ID and related practices. Common Carriers; Operator Service Providers, 56 FR 18519-02. When the FCC adopted the caller-ID requirement in the 2003 TCPA rulemaking, it inserted subsection (e) into the existing caller-ID regulation rather than incorporating it into the TCPA's telemarketing rules in §64.1200. *In Re Rules & Reguls. Implementing the Tel.Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14135; ¶ 204 (2003). This structure suggests an amendment to the existing caller-ID rules rather than a rule promulgated solely under §227(c).

*DaBella* recognizes that §64.1601(e) would fit best under §227(e)(3), which regulates misleading or inaccurate caller ID transmission, but that it could not have been promulgated under that section because §16.1601(e) predates it. The problem created by this acknowledgment is that if caller-ID regulations in §64.1601(e) were already privately enforceable under §227(c), the addition of 227(e) to provide for enforcement of caller-ID regulations would have been unnecessary. It is unlikely that Congress intentionally created a superfluous statute when enacting §227(e).

For these reasons, the supplemental authority of *DaBella* cited by Plaintiff does not undermine the reasoning of *Griffin*. Because §64.1601(e) was not clearly promulgated under §227(c), the TCPA does not provide a private right of action to enforce that regulation.

DATED: March 9, 2026

                                          HAHN LOESER & PARKS LLP

                                          By: */s/ Michael J. Gleason*
                                               Michael J. Gleason
                                               Attorneys for Defendant, Renate Lundberg