2026 WL 899930
Only the Westlaw citation is currently available.
United States District Court, D. Oregon.

CHET MICHAEL WILSON,
individually and on behalf of all
others similarly situated, Plaintiff,
v.
TPH PARALEGAL PROFSSIONAL
CORPORATION d/b/a TPH
LEGAL SERVICES, Defendant.

Case No. 6:25-cv-01703-MTK
|
Filed 04/01/2026

**Attorneys and Law Firms**

Andrew Roman Perrong, Perrong Law LLC, Glenside, PA, for Plaintiff.

Jeffrey G. Bradford, Tonkon Torp LLP, Portland, OR, for Defendant.

**OPINION AND ORDER**

MUSTAFA T. KASUBHAI (he/him) United States District Judge

**\*1** Plaintiff Chet Michael Wilson, on behalf of himself and all others similarly situated, alleges that Defendant TPH Paralegal Professional Corporation used an "artificial or prerecorded voice" to make calls that violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Compl., ECF No. 1. Defendant moves to dismiss for lack of personal jurisdiction and for failure to state a claim. Def.'s Mot. Dismiss and/or Strike ("Mot."), ECF No. 8. Defendant also moves to strike Plaintiff's class allegations. For the reasons discussed below, Defendant's motions are DENIED.

**BACKGROUND**

Plaintiff is an individual who resides in Oregon. Compl. ¶ 7. Defendant is a corporation based in Ontario, Canada. *Id.* ¶ 8.

Plaintiff alleges that on July 15, 2025, Defendant called his personal cell phone number (541) XXX-9999. *Id.* ¶ 11. "Defendant used an artificial or prerecorded voice," and a "generic and robotic" voice message stated "zero, two." *Id.* ¶¶ 14-16. "The content, pattern, and tone of the speech made clear to Plaintiff that the message Defendant played was prerecorded in nature." *Id.* ¶ 17.

Plaintiff has never had an account with or done any business with Defendant, nor did he consent to receiving calls from Defendant. *Id.* ¶ 22. Plaintiff alleges that Defendant has a "pattern and practice" of "us[ing] an artificial or prerecorded voice in connection with calls it places" to other phone numbers, "absent prior express consent." *Id.* ¶ 28.

Plaintiff brings one claim under the TCPA and alleges he was part of a "Pre-Recorded Call Class" that suffered similar injuries. *Id.* ¶ 29. Defendant moves to dismiss for lack of personal jurisdiction and for failure to state a claim. Defendant also moves to strike Plaintiff's class allegations.

**STANDARDS**

**I. Personal Jurisdiction — Fed. R. Civ. P. 12(b)(2)**
Under Fed. R. Civ. P. 12(b)(2), a defendant may move to dismiss for lack of personal jurisdiction. When a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). When the court's determination "is based on written materials rather than an evidentiary hearing, 'the plaintiff need only make a prima facie showing of jurisdictional facts.' " *Id.* (quoting *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990)). The court may consider evidence presented in affidavits and declarations in determining personal jurisdiction. *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). Uncontroverted allegations in the complaint must be taken as true, and a plaintiff cannot solely rest on the bare allegations of its complaint. *Schwarzenegger*, 374 F.3d at 800. Conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor. *Id.*

**II. Failure to State a Claim—Fed. R. Civ. P. 12(b)(6)**
A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient

factual allegations to state a facially plausible claim for relief. *L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Id.* To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *L.A. Lakers,* 869 F.3d 795 at 800. But the court need not credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

 *2  A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr,* 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

### III. Motion to Strike—Fed. R. Civ. P. 12(f)

Fed. R. Civ. P. 12(f) allows courts to strike from a pleading any matters that are "immaterial," "impertinent," or "scandalous." An "immaterial" matter is "that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994) (quoting C. Wright, A. Miller, et al., 5C Fed. Prac. & Proc. Civ. § 1382 (3d ed. 2013)). "Impertinent" matters are those "that do not pertain, and are not necessary, to the issues in question." *Id.* "Motions to strike are disfavored and infrequently granted." *Legal Aid Servs. of Oregon v. Legal Servs. Corp.*, 561 F. Supp. 2d 1187, 1189 (D. Or. 2008).

### DISCUSSION

### I. Motion to Dismiss for Lack of Personal Jurisdiction

Defendant moves to dismiss, arguing that this Court lacks personal jurisdiction because Defendant is a Canadian company that does no business in Oregon and "inadvertently left [Plaintiff] a voicemail one time." Mot. 1.

The Ninth Circuit uses a three-prong test to determine whether a court has personal jurisdiction over a non-resident defendant: "(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; ... (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice." *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (citing *Schwarzenegger*, 374 F.3d at 802).

The parties dispute the first and third requirements.

#### A. Purposeful Direction

The Court applies the "effects" test to determine whether Defendant "purposefully directed" its activities toward Oregon. *Calder v. Jones*, 465 U.S. 783 (1984). "The *Calder* effects test asks whether the defendant: (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085, 1091 (9th Cir. 2023), *cert. denied,* 144 S. Ct. 693 (2024) (quotation marks and citation omitted).

Plaintiff contends that Defendant purposefully directed its call toward Oregon by calling Plaintiff's (541) XXX-9999 phone number, which uses an Oregon area code. Plaintiff's sworn declaration states that "[he] received a call directed to [his] ... telephone number [and] ... was physically present in Oregon when [he] received that call." Pl.'s Decl. ¶¶ 9-10, ECF No. 12.

Defendant submits a declaration by one of its directors who attests that "[o]ne of [Defendant's] employees explained to Plaintiff's attorney that [Defendant] operates exclusively in Canada and that the alleged call to a U.S. resident was an error." Toker Decl. ¶ 3, ECF No. 9. Accordingly, Defendant argues, Defendant's conduct was not *intentionally* aimed at Oregon but rather, *mistakenly*, and so does not satisfy the demands of the *Calder* test.

 *3  As an initial matter, the Court notes that Defendant's evidence on this point establishes only what Defendant's agent told Plaintiff's counsel. That evidence does not conclusively establish that the call was, in fact, an accident.

Plaintiff is not expected to provide counterevidence to that point at this stage.

Additionally, Defendant cites no case where a court found that it lacked personal jurisdiction over a Defendant's inadvertent, injurious conduct. To the contrary, the Ninth Circuit noted in *Schwarzenegger* that:

> "Intentional act" has a specialized meaning in the context of the *Calder* effects test. We have generally applied the "intentional act" test to actions sounding in tort. The Restatement (Second) of Torts defines "act" ... to denote an external manifestation of the actor's will and does not include any of its results, even the most direct, immediate, and intended. "Thus, if the actor, having pointed a pistol at another, pulls the trigger, the act is the pulling of the trigger and not the impingement of the bullet upon the other's person." We construe "intent" in the context of the "intentional act" test as referring to an intent to perform an actual, physical act in the real world, rather than an intent to accomplish a result or consequence of that act. (The result or consequence of the act is relevant, but with respect to the third part of the *Calder* test—"harm suffered in the forum.")

*Schwarzenegger*, 374 F.3d at 806 (citations omitted) (citing Restatement (Second) of Torts § 2). Applying that reasoning here, and resolving disputed facts in Plaintiff's favor, the Court finds that Plaintiff plausibly alleges that Defendant "inten[ded] to perform an actual, physical act" by initiating a phone call. It is immaterial whether Defendant intended to reach Plaintiff—it intended to make a phone call, and reached Oregon, where Plaintiff felt the alleged harm. Defendant's reasoning would insulate all inadvertent or accidental conduct from specific jurisdiction no matter the harm caused by that conduct in the forum state. This interpretation would be particularly unsound in the context of the TCPA, which prohibits anyone from "mak[ing] *any* call ... using any ... artificial or prerecorded voice," irrespective of whether the call was accidental. 47 U.S.C. § 227(b)(1)(A). *See also Ayla, LLC v. Alya skin Pty. Ltd.*, 11 F.4th 972, 979 (9th Cir. 2021) ("Our analysis under the 'purposeful availment or direction' prong of the specific jurisdiction test turns on the nature of the underlying claims.").

This Court also finds persuasive the reasoning of other district courts that "have found calls or text messages to a phone number affiliated with a particular state that violate the TCPA sufficient to satisfy the [purposeful direction] test for a court of that state to exercise personal jurisdiction over the defendant." *E.g.*, *Lowe v. CVS Pharmacy, Inc.*, 233 F. Supp. 3d 636, 645 (N.D. Ill. 2017) (alterations in original) (quotation marks and citation omitted).

Additionally, contrary to Defendant's arguments that the single, short message is not actionable, the TCPA provides a cause of action for "any call ...." 47 U.S.C. § 227(b)(1)(A). Courts have accordingly held that plaintiffs may seek relief for the injuries caused by even a single message. *E.g.*, *Susinno v. Work Out World Inc.*, 862 F.3d 346, 349 (3d Cir. 2017) (holding that a one-minute voicemail was actionable under the TCPA); *Palm Beach Golf Center-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245 (11th Cir. 2015) (reversing summary judgment in defendant's favor and remanding for further proceedings where the named plaintiff "received an unsolicited one-page fax advertisement"); *Davis v. Safe Streets USA LLC*, 497 F. Supp. 3d 47 (E.D.N.C. 2020) (holding that a single text message was actionable).

**\*4** Defendant's conduct also satisfies the second and third *Calder* factors. Defendant again argues that its mistake means it did not expressly aim its conduct at Oregon or expect harm in Oregon. Plaintiff specifically alleges that "Defendant called [Plaintiff's] telephone number ... intending to reach someone other than Plaintiff," but under *Calder*, this Court looks to whether Defendant's conduct was expressly aimed at the forum state, not whether the conduct was expressly aimed at Plaintiff. Compl. ¶¶ 11-12. The Court finds that Defendant's call was expressly aimed at Oregon because it was made to a number with an Oregon area code and Defendant should have known that any resulting injury would be suffered in Oregon. *See Ott v. Mortg. Invs. Corp. of Ohio, Inc.*, 65 F.Supp.3d 1046, 1057 (D. Or. 2014) (noting that "many telephone numbers with an Oregon area code in fact are located in Oregon, such that the individual defendants knew or should have known that the telemarketing scheme was aimed at persons in Oregon").

This case is also like *Brainerd v. Governors of the Univ. of Alberta,* 873 F.2d 1257, 1259 (9th Cir. 1989). In *Brainerd*, an Arizona resident called a representative of a Canadian university to obtain information about the past employment of plaintiff, another Arizona resident. *Id.* at 1257-58. On that call, the university's representative provided information that allegedly violated a settlement agreement between the university and the plaintiff. *Id.* The Ninth Circuit held that the Arizona court could exercise personal jurisdiction over the Canadian defendant, notwithstanding the fact that defendant's only alleged contact with Arizona was through a single phone

call. Also of note is that the defendant in that case *answered*, and did not place, the allegedly injurious phone call.

In sum, Plaintiff sufficiently alleges that Defendant made a phone call, expressly aimed at Oregon by virtue of Plaintiff's Oregon area code, that caused harm to Plaintiff in Oregon. Accordingly, Defendant purposefully directed its conduct toward Oregon.

### B. Fair Play and Substantial Justice

Defendant also argues that the Court's jurisdiction over this case "would offend 'traditional notions of fair play and substantial justice.' " Def.'s Reply 4 (quoting *Walden v. Fiore*, 571 U.A. 277, 283 (2014)). To make that showing, "the defendant must come forward with a 'compelling case' that the exercise of jurisdiction would not be reasonable." *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008) (quoting *Schwarzenegger*, 374 F.3d at 802).

The Ninth Circuit applies a seven-factor test to determine whether the exercise of jurisdiction is unreasonable. *Ayla, LLC*, 11 F.4th at 984. Here, the Court need not engage with each factor to determine that "traditional notions of fair play and substantial justice" will not be offended by this Court's jurisdiction. Though one phone call may not be sufficient to give rise to personal jurisdiction all the time, where the call itself is the allegedly unlawful and harmful conduct, due process is not offended by making Defendant answer to those allegations. *Brainerd*, 873 F.2d at 1260.

As Plaintiff notes, there appears no other appropriate forum to remedy his harm, and Oregon has a significant interest in protecting its residents from that harm. Though Defendant may be inconvenienced by this Court's exercise of jurisdiction, Plaintiff's sole claim is a simple one, and "with the advances in transportation and telecommunications and the increasing interstate practice of law, any burden is substantially less than in days past." *CE Distrib., LLC v. New Sensor Corp.*, 380 F.3d 1107, 1112 (9th Cir. 2004).

Finally, Defendant's argument that jurisdiction is improper because it is not registered to do business in the United States is unavailing. The Supreme Court has long recognized that personal jurisdiction can extend to foreign corporations whose conduct injures residents of the targeted forum. *See, e.g.*, *Asahi Metal Indus. Co., Ltd., v. Super. Ct. of Cal., Solano Cnty.*, 480 U.S. 102, 112 (1987) (considering whether a California court had personal jurisdiction over a Japanese corporation; holding that it did not because the corporation

did not direct its conduct toward California); *see also Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984) ("Even when the cause of action does not arise out of or relate to the foreign corporation's activities in the forum State, due process is not offended by a State's subjecting the corporation to its in personam jurisdiction when there are sufficient contacts between the State and the foreign corporation."). Due process does not require that a defendant answer lawsuits only in states where it conducts business; rather, it requires defendants to answer lawsuits in states where they cause harm through their targeted conduct.

**\*5** Plaintiff sufficiently alleges facts that allow this Court to exercise personal jurisdiction over Defendant. Defendant's motion to dismiss for lack of personal jurisdiction is denied.

### II. Motion to Dismiss for Failure to State a Claim

Defendant also moves to dismiss Plaintiff's claim for failure to plausibly allege an "artificial or prerecorded voice" as required by the TCPA. 47 U.S.C. § 227(b)(1)(A)(iii). Defendant contends that Plaintiff's allegations are too conclusory to establish that the short, two-word message was "artificial or prerecorded."

Plaintiff alleges sufficient detail to allow the Court to infer that that short message may have violated the TCPA. He alleges the date of the phone call, the phone number at which he was called, and the phone number that called him. Compl. ¶¶11-13. He alleges that Defendant "used an artificial or prerecorded voice"; "[t]he voice message stated, 'zero, two' "; the "voice message was generic and robotic"; "[t]he content, pattern, and tone of the speech made clear to Plaintiff that the message Defendant played was prerecorded in nature"; and "[g]iven the generic nature of the message, the content of the message, and the robotic tone, the message was clearly prerecorded in nature." *Id*. ¶¶14-18. It is unclear what other details Defendant expects Plaintiff to plead to allege that Defendant used an "artificial or prerecorded voice" in violation of the TCPA. Plaintiff sufficiently states a claim. Defendant's motion is denied.

### III. Motions to Dismiss or Strike Class Allegations

Finally, Defendant also moves to dismiss or strike Plaintiff's class allegations under Fed. R. Civ. P. 12(f) and 23. Defendant argues that Plaintiff's allegations are conclusory, that Plaintiff's proposed class definition is "impermissibly fail-safe," and that Plaintiff is an inadequate class representative. Defendant argues that Plaintiff's class claims should be

dismissed on their face before Plaintiff even has the opportunity to obtain discovery and argue in favor of class certification.

Parties seeking class certification must "affirmatively demonstrate [their] compliance with Rule [23]—that is, [they] must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011). "District courts have broad discretion to control the class certification process, and '[w]hether or not discovery will be permitted ... lies within the sound discretion of the trial court.' " *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) (quoting *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 209 (9th Cir. 1975)).

"Motions to strike are disfavored and infrequently granted." *Legal Aid Servs. of Oregon v. Legal Servs. Corp.*, 561 F. Supp. 2d 1187, 1189 (D. Or. 2008). Dismissing class allegations at the pleading stage is rare because "the parties have not yet engaged in discovery and the shape of a class action is often driven by the facts of a particular case." *In re Wal–Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 615–16 (N.D. Cal. 2007); *see also Olney v. Job.com, Inc.*, 2013 WL 5476813, at *16 (E.D. Cal. Sept. 23, 2013) (denying a motion to strike class allegations in a TCPA case).

### A. Whether Plaintiff's Allegations Plausibly State a Class Claim

**\*6** Defendant asserts that Plaintiff's class allegations fail to state a claim for class-wide relief because "Plaintiff does not provide any factual basis for concluding or supporting an inference that [Defendant] treated any other person in the same manner [as Plaintiff]." Mot. 20. Plaintiff contends that he sufficiently alleges a potential class and that resolution of class treatment is premature at the pleading stage.

Courts in the Ninth Circuit routinely deny motions to dismiss or strike class allegations at the pleading stage. *See Mattson v. New Penn Fin., LLC*, 2018 WL 6735088, at *2 (D. Or. Nov. 6, 2018) (collecting cases). However, a court may grant the motion to dismiss or strike the class allegations if "the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim." *Gen. Tel. Co. of SW. v. Falcon*, 457 U.S. 147, 160 (1982).

Here, Plaintiff sufficiently alleges facts that "plausibly suggest an entitlement to relief" as to his class action claim.

*Starr*, 652 F.3d at 1216. Plaintiff alleges that "[a]s [they] did for all members of the Class, Defendant placed calls to Plaintiff's cellular telephone number in connection with which it used an artificial or prerecorded voice," and that "the members of the class are identifiable in that, upon information and good faith belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant." Compl. ¶¶ 34, 36. Plaintiff also alleges that "[his] claims, and the claims of the members of the Class, originate from the same conduct, practice, and procedure on the part of Defendant," which is "dialing wrong or reassigned telephone numbers ... with an artificial or prerecorded voice." *Id.* ¶¶ 38, 48. Without the benefit of discovery, Plaintiff could be expected to plead little more. *See Shein v. Canon U.S.A., Inc.*, 2009 WL 3109721, at *10 (C.D. Cal. Sept. 22, 2009) ("The Court finds that these matters are more properly decided on a motion for class certification, after the parties have had an opportunity to conduct class discovery and develop a record ....."). Plaintiff sufficiently alleges a class claim based on Defendant's pattern or practice.

### B. Whether Plaintiff's Class Definition is "Fail-Safe"

Second, Defendant argues that Plaintiff's proposed class definition is improper because it is impermissibly fail-safe.

A class definition is "palpably unfair to the defendant" and "fail-safe ... when the class itself is defined in a way that precludes membership unless the liability of the defendant is established." *Kamar v. RadioShack Corp.*, 375 Fed. Appx. 734, 736 (9th Cir. 2010) (mem.). The Ninth Circuit has "note[d], though ... not h[e]ld, that our circuit's caselaw appears to disapprove of the premise that a class can be fail-safe." *Melgar v. CSK Auto, Inc.*, 681 Fed. Appx. 605, 607 (9th Cir. 2017) (mem.) (citation omitted). Other courts in this circuit have held that a class is not fail-safe where "membership in th[e] class can be readily determined by objective criteria." *Olney*, 2013 WL 5476813, at *11.

Here, Plaintiff's class is not impermissibly fail-safe because the proposed class can be determined through objective criteria. Plaintiff proposes a class defined as:

> All persons throughout the United States (1) to whom Defendant placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to a person who provided their phone number to the Defendant, (3) in connection with which Defendant used an artificial or prerecorded voice, (4)

Case 3:25-cv-00752-AN    Document 35-1    Filed 04/26/26    Page 6 of 6

from four years prior to the filing of this complaint through the date of class certification.

\*7 Compl. ¶ 29. An individual's membership in that class can be determined by reference to objective criteria, such as whether Defendant placed a call to a number not provided to Defendant and whether Defendant used an artificial or prerecorded voice. *See Panacci v. A1 Solar Power, Inc., 2015 WL 3750112, at \*8 (N.D. Cal. 2015)* ("Plaintiff's class definitions are not fail-safe.... [T]o determine whether someone is in the class, one simply needs to answer ... whether the person is on a [Do Not Call] registry or whether the person received a certain number of phone calls from Defendants within a certain timeframe."). Additionally, proving that an individual is a member of the class does not equate to liability: Plaintiffs will also have to prove, for example, that the call was not "made for emergency purposes or ... with the prior express consent of the called party ...." 47 U.S.C. § 227(b)(1)(A).

### C. Whether Plaintiff is an Adequate Class Representative

Third, Defendant contends that Plaintiff is an inadequate class representative because his claim is unique compared to that of potential class members. Defendant submits evidence that Plaintiff's phone number is publicly posted online and argues that it is used as a "dummy number." Bradford Decl. Exs. 2-9, ECF No. 10. Notwithstanding that evidence, Plaintiff submits a sworn declaration affirming that the phone number in question has been his personal, primary cell phone number for at least five years, and that he never consented to receive a call from Defendant. Pl.'s Decl. ¶¶ 4-5.

To satisfy Rule 23 and certify the proposed class, Plaintiff will need to show that his "claims and defenses are typical" of the class. Fed. R. Civ. P. 23(a)(3). Defendant's arguments on this issue are premature and the Court finds that Plaintiff's class allegations need not be struck at this stage. Although Plaintiff may be uniquely situated based on his particular phone number, that does not mean that his claim—that he was called using an artificial or prerecorded voice without his consent—is not typical of the class. Defendant cites no case where an individual's number being unique or posted online equated to consent to being called under the TCPA or otherwise created such distinct legal questions that the individual's claims were not typical of a class.

In sum, Plaintiff's class allegations adequately state a claim, the proposed class definition is not impermissibly fail-safe, and Plaintiff's claims appear to be typical of proposed class members. Defendant's motions to dismiss and strike Plaintiff's class allegations are denied.

### CONCLUSION

For the reasons discussed above, Defendant's Motion to Dismiss and/or Strike Plaintiff's Complaint (ECF No. 8) is DENIED.

DATED this 1st day of April 2026.

### All Citations

Slip Copy, 2026 WL 899930

---

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.